IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs September 28, 2004

## ARZOLIA CHARLES GOINES v. GLEN TURNER, WARDEN

**Direct Appeal from the Criminal Court for Knox County**
**No. 78616      Ray L. Jenkins, Judge**

_____

**No. E2004-00289-CCA-R3-HC - Filed November 1, 2004**

_____

The petitioner, Arzolia Charles Goines, appeals the dismissal of his petition for writ of *habeas corpus*, in which he contends that:  (1) the judge's handwritten signature was not subscribed on the judgments;  (2) the judge ordered the present sentence to run concurrently with a previous unserved sentence in contravention of Tennessee Rule of Criminal Procedure 32(c); (3) in sentencing the petitioner, the court failed to consider a presentence report; and (4) the trial court erred in summarily dismissing his petition without appointment of counsel.  After careful review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

Arzolia Charles Goines, Whiteville, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General, and Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

In March 1988, the petitioner, Arzolia Charles Goines, was convicted of armed robbery, second degree burglary, and grand larceny.  The trial court sentenced the petitioner as a habitual offender on the armed robbery and second degree burglary convictions, but not on the grand larceny conviction.  The court ordered concurrent life sentences for armed robbery and second degree burglary, and a ten-year sentence for grand larceny.  On direct appeal, this Court dismissed the grand larceny conviction, while affirming the trial court as to the remaining convictions.  State v. Arzolia Goines, C.C.A. No. 1208, 1989 Tenn. Crim. App. LEXIS 302 (Tenn. Crim. App. April 14, 1989), perm. app. denied (Tenn. July 3, 1989).

On November 26, 2003, the petitioner filed a petition for writ of *habeas corpus*, alleging three grounds for relief:

1) That the four judgments used as evidence of prior convictions, for purposes of enhancing the petitioner's sentence, were void because they did not bear the judge's signature;

2) That the petitioner's current sentence is void because the trial court ordered his sentence to commence while he was still on parole for a prior offense in contravention of Tennessee law, which requires consecutive sentences where a felony is committed during the parole period of a previous felony; and

3) That his sentences as a habitual criminal are void because the trial court did not consider a presentence report before sentencing the petitioner.

On January 15, 2004, the trial court summarily dismissed the petition. Thereafter, the petitioner filed a timely appeal to this Court.

**Analysis**

A *habeas corpus* petition may be used only to contest void judgments that are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). By contrast, a voidable conviction or sentence is one that is facially valid, and thus requires proof beyond the face of the record or judgment to establish its invalidity. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The burden of proof that the judgment or sentence is "void," rather than voidable, rests with the petitioner. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). "To establish that the judgment is void, the petitioner must prove that a jurisdictional defect appears *in the record* of the original trial." Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002) (emphasis added).

Initially, we note that the procedural requirements governing *habeas corpus* relief mandate that if the current petition is not the first application for writ of *habeas corpus*, copies of prior petitions must be attached to the current petition or a satisfactory reason must be given for the failure to do so. Tenn. Code Ann. 29-21-107(b)(4) (2004). Moreover, the procedural provisions of the *habeas corpus* statutes are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. In the case *sub judice*, the petitioner stated that this was his third application for writ of *habeas corpus* in this matter, yet he failed to include those prior petitions in his present petition or give a sufficient reason for his omission. Because the petitioner failed to comply with the aforementioned statutory requirement, we could affirm the trial court's dismissal of the instant petition on that basis alone. See Antonio L. Sweatt v. State, No. M1999-01300-CCA-R3-PC, 2000 Tenn. Crim. App. LEXIS 216 (Tenn. Crim. App., at Nashville, March 6, 2000), perm. app. denied (Tenn. Oct. 16, 2000); Jimmy Wayne Wilson v. State, No. 03C01-9806-CR-00206, 1999 Tenn. Crim. App. LEXIS 620 (Tenn. Crim. App., at Knoxville, June 24, 1999), perm. app. denied (Tenn. Nov. 22, 1999). Notwithstanding the petitioner's failure to comply with the applicable statutory requirements, we will proceed to address the merits of the petitioner's arguments.

The petitioner first contends that his judgment is void based on the failure of the judge to

subscribe a handwritten signature on the judgments.  It is well-settled law that a trial judge's failure to sign a judgment "does not give rise to a claim for relief under *habeas corpus* proceedings."  James Russell Gann v. David Mills, No. E2003-00281-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 650, at *2 (Tenn. Crim. App., at Knoxville, July 24, 2003); see also Gregory Lynn Hollingsworth v. State, No. M2003-01384-CCA-R3-CO, 2004 Tenn. Crim. App. LEXIS 248 (Tenn. Crim. App., at Nashville, March 16, 2004); State v. William Paul Eblen, No. E2002-01221-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 823 (Tenn. Crim. App., at Knoxville, Sept. 26, 2003); Michael Thomason v. Kevin Myers, No. M2002-01346-CCA-R3-CO, 2002 Tenn. Crim. App. 1095 (Tenn. Crim. App., at Nashville, Dec. 20, 2002).  Therefore, this argument is without merit.

As a second ground for *habeas corpus* relief, the petitioner states that he was on parole at the time of the commission of the current offense; thus, the petitioner contends that the trial court erroneously ordered his present sentence to run concurrently with the unserved portion of that prior sentence in violation of Tennessee Rules of Criminal Procedure 32(c)(3)(A).  This section states in pertinent part:

> [W]here the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not.  This rule shall apply . . . to a sentence for a felony committed while on parole for a felony.

Tenn. R. Crim. P. 32(c)(3)(A).

Further, if the face of the judgment or the record of the underlying proceedings shows that a concurrent sentence has been issued illegally, such sentence will create a void judgment for which *habeas* relief is available.  McLaney v. Bell, 59 S.W.3d 90, 91 (Tenn. 2001).  However, contrary to the petitioner's argument, the transcript from the sentencing hearing, included with the petitioner's brief, does not reflect any mention of a prior unserved sentence or of such a sentence running concurrently with the present sentence.  In fact, it is unclear from the record presented that the trial court was even aware of the petitioner's prior sentence.  This determination is beyond the face of the judgment and the record presented on appeal and is therefore not cognizable in a *habeas* proceeding.  Because the record on appeal, as presented by the petitioner, does not show that the judge issued a sentence concurrent with his prior felony, we hold that the petitioner has not met his burden of showing that the judgment is void and thus affirm the trial court's denial of *habeas* relief.

Third, the petitioner avers that he is entitled to *habeas corpus* relief because the trial court failed to consider a presentence report in making its sentence.  *Habeas corpus* relief, as aforementioned, is only available when the underlying judgment is void.  Wyatt, 24 S.W.3d at 322.  We hold that failure to rely on a presentence report during sentencing presents, at most, a claim of a voidable, and not **void, judgment** or sentence. We would further note that the petitioner is not seeking to bring a claim before the court that might have an effect on the sentence; rather, the sentence imposed was statutorily mandated due to the petitioner's status as a habitual offender and would not have been affected in any way by the issuance or consideration of a presentence report.  Because the claim raised does not establish a void judgment, it is not

-3-

cognizable in a petition for writ of *habeas corpu*s. Id. at *6-7.

Finally, the petitioner contends that the trial court erred by summarily dismissing his petition without appointment of counsel. While there is no federal or state constitutional right to appointment of counsel in a *habeas corpus* proceeding, the trial court has a duty to appoint counsel "if necessary." See John C. Tomlinson v. State, No. M2001-02152-CCA-R3-CO, 2002 Tenn. Crim. App. LEXIS 549 (Tenn. Crim. App., at Nashville, June 28, 2002) (quoting Tenn. Code Ann. § 40-14-204 (2004)). If the petitioner's judgments are facially valid and not void, the trial court may properly dismiss a petition for writ of *habeas corpus* without appointing counsel and without holding an evidentiary hearing. State v. Lavandas Cordell Nelson, No. M2003-01525-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 1101, at *6 (Tenn. Crim. App., at Nashville, Dec. 30, 2003). See also State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967), which provides that a *habeas corpus* petition may be dismissed without a hearing and without the appointment of counsel if the petition fails to allege facts that would justify relief. In the instant matter, the trial court's actions were justified because the petitioner did not allege any facts that justified *habeas corpus* relief. Therefore, we hold that the petitioner's claim is without merit and affirm the trial court's denial of *habeas* relief.

**Conclusion**

Based on the foregoing and the record as a whole, the trial court's dismissal of the petitioner's *habeas corpus* petition is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE