# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STANLEY ADAMS v. WARDEN, DAVID MILLS

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5832    Joe H. Walker, Judge**

---

**No. W2004-00758-CCA-R3-HC  - Filed March 4, 2005**

---

The Petitioner, Stanley Adams, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Stanley Adams, pro se.

Paul G. Summers, Attorney General & Reporter; Helena Walton Yarbrough, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

On July 2, 1991, Petitioner entered a guilty plea to one count of aggravated robbery, a class B felony, and one count of second degree murder, a class A felony.  For the offense of aggravated robbery, he was sentenced, as a range I standard offender, to a fifteen-year sentence in the Department of Correction.  For the murder conviction, he was sentenced, as a range III offender, to a forty-five-year sentence in the Department of Correction.  The sentences were ordered to be served

concurrently. Petitioner subsequently sought post-conviction relief, alleging that trial counsel was ineffective. The lower court denied relief and this Court affirmed. *See Stanley Adams v. State*, No. 02C01-9208-CR-00184, 1993 WL 30622, *1 (Tenn. Crim. App., at Jackson, Feb. 10, 1993), *perm. to appeal denied*, (Tenn. May 3, 1993).

On February 17, 2004, the Petitioner filed an application for writ of habeas corpus relief, alleging that the judgments of conviction are void because he did not have the sufficient number of prior felonies to justify an enhanced sentencing classification. In this regard, he also contends that his guilty pleas were not knowingly and voluntarily entered. By order entered February 20, 2004, the trial court denied habeas corpus relief, finding that the judgments of conviction were not void. Petitioner timely filed a notice of appeal document.

The State has filed a motion requesting this Court to affirm the decision of the lower court pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. The State contends that the Petitioner has failed to allege a ground for which habeas corpus relief may be granted.

The right to seek habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution. *Roger L. Hickman v. State*, — S.W.3d —, 2004 WL 2563267, * 1 (Tenn. 2004). However, the grounds upon which habeas corpus relief will be granted are narrow. *Id.* (citations omitted). Relief will only be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Roger L. Hickman v. State*, – S.W.3d at –, 2004 WL 2563267, *1 (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968).

The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing is required and the trial court may properly dismiss the petition. *Roger L. Hickman v. State*, – S.W.3d at –, 2004 WL 2563267, *1 (citing Tenn. Code Ann. § 29-21-109 (2000); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)); *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

Petitioner contends that his sentences are illegal and this his guilty pleas were not knowingly and voluntarily entered. The record reveals that the Petitioner received a sentence of fifteen years as a range I offender for his conviction for aggravated robbery. This sentence is designated a "hybrid sentence" as he received a range II sentence of a class B felony with a range I offender release eligibility. *See, e.g.*, *Tony Hopkins v. State*, No. E2003-01691-CCA-R3-HC, 2004 WL 2378248,

* 1 (Tenn. Crim. App., at Knoxville, Oct. 25, 2004). The record further indicates that the Petitioner received a range III, forty-five year sentence for second degree murder, a class A felony. Petitioner asserts that he does not possess the requisite prior convictions to be classified a range III offender. Accordingly, he asserts that the judgments against him are void.

These allegations, even if true, fail to afford the Petitioner with a valid ground for habeas corpus relief. Offender classifications and release eligibility "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." *Bland v. Dukes,* 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing *McConnell v. State,* 12 S.W.3d 795, 798 (Tenn. 2000); *Hicks v. State,* 945 S.W.2d 706, 709 (Tenn. 1997)). Moreover, our supreme court held in *Hicks* that hybrid sentences are permissible because "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hicks,* 945 S.W.2d at 709. Additionally, the Petitioner's claims relating to an unknowing and involuntary guilty plea are not cognizable in a habeas corpus action because, even if true, the judgment would not be rendered void, but merely voidable. *See Bryan Pearson v. State,* No. E2003-02597-CCA-R3-CD, 2004 WL 1606982, * 2 (Tenn. Crim. App., at Knoxville, Jul. 16, 2004), *perm. to appeal denied*, (Tenn. Nov. 8, 2004).

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE

3