# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## DALE EUGENE WALKER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Fayette County**
**No. 5264    Jon K. Blackwood, Judge**

---

**No. W2004-00622-CCA-R3-HC  - Filed March 4, 2005**

---

The Petitioner Dale Eugene Walker appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.   Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Dale Eugene Walker, pro se.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

On November 22, 2002, Petitioner entered guilty pleas to one count of forgery over $1,000, and one count of theft of property over $1,000.  For these offenses, he was sentenced to an effective twelve-year sentence as a career offender.

1

On July 6, 2004, the Petitioner filed an application for writ of habeas corpus relief, alleging that his sentences are illegal and that the trial court did not have jurisdiction to enter the judgments of conviction because Petitioner does not qualify as a career offender. The State filed a motion to dismiss, stating that the Petitioner failed to state a ground for habeas corpus relief. By order entered August 16, 2004, the trial court granted the State's motion and dismissed the petition. Petitioner timely filed a notice of appeal document.

The State has filed a motion requesting this Court to affirm the decision of the lower court pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. The State contends that the Petitioner has failed to allege a ground for which habeas corpus relief may be granted.

The right to seek habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution. *Roger L. Hickman v. State*, — S.W.3d —, 2004 WL 2563267, * 1 (Tenn. 2004). However, the grounds upon which habeas corpus relief will be granted are narrow. *Id.* (citations omitted). Relief will only be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Roger L. Hickman v. State*, – S.W.3d at –, 2004 WL 2563267, *1 (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968).

The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing are required and the trial court may properly dismiss the petition. *Roger L. Hickman v. State*, – S.W.3d at –, 2004 WL 2563267, *1 (citing Tenn. Code Ann. § 29-21-109 (2000); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)); *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

Petitioner contends that his sentence is illegal. Specifically, he complains that he does not possess the requisite amount of felony convictions to justify a sentence as a career offender. Offender classifications and release eligibility "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." *Bland v. Dukes,* 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing *McConnell v. State,* 12 S.W.3d 795, 798 (Tenn. 2000); *Hicks v. State,* 945 S.W.2d 706, 709 (Tenn. 1997)). Moreover, our supreme court held in *Hicks* that hybrid sentences are permissible because "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hicks,* 945 S.W.2d at

709. A sentence is not illegal when the defendant expressly agrees to a particular offender classification and when the sentence imposed is clearly within the statutory limits fixed for the offense of conviction. *State v. Mahler*, 735 S.W.2d 226, 228 (Tenn. 1987). Additionally, any claims relating to an unknowing and involuntary guilty plea stemming from the classification are not cognizable in a habeas corpus action because, even if true, the judgment would not be rendered void, but merely voidable. *See Bryan Pearson v. State,* No. E2003-02597-CCA-R3-CD, 2004 WL 1606982, * 2 (Tenn. Crim. App., at Knoxville, Jul. 16, 2004), *perm. to appeal denied*, (Tenn. Nov. 8, 2004).

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

JOHN EVERETT WILLIAMS, JUDGE