# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### October 4, 2001 Session

## WILLIAM ANDREW DIXON v. FLORA J. HOLLAND, WARDEN

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 2848     Seth W. Norman, Judge**

---

### Nos. M1999-02494-SC-R11-PC

---

### <u>AND</u>

## WILLIAM ANDREW DIXON v. DONAL CAMPBELL, COMMISSIONER OF TDOC

**Appeal by Permission from the Court of Appeals**
**Chancery Court for Davidson County**
**No. 98-3761-II     Carol L. McCoy, Chancellor**

---

### No. M1999-02122-SC-R11-CV

---

We granted review in these consolidated cases to determine (1) whether William Andrew Dixon's sentence under Tenn. Code Ann. § 39-2603 (1975) is void and thus subject to habeas corpus relief; and (2) whether Tenn. Code Ann. § 41-21-236(c) (1997) applies to Dixon's sentence. We hold that Dixon's sentence is void and grant habeas corpus relief. We further hold that Dixon is entitled to any sentence reduction credits earned from 1988 until 1998. Our grant of habeas corpus relief pretermits the remaining issues raised by Dixon.[1] Accordingly, the judgment of the Court of Criminal Appeals is reversed, and the case is remanded to the criminal court for proceedings consistent with this opinion.

---

[1]The remaining issues presented for review were (1) whether the chancery court and the Court of Appeals had jurisdiction to declare a sentence calculated by the TDOC contrary to law; (2) whether the TDOC is estopped from rescinding the defendant's accrued sentence reduction credits and parole eligibility; (3) whether the standard of review in a motion to dismiss applies in a declaratory judgment proceeding; (4) whether a trial court has jurisdiction to consider a timely-filed motion to alter or amend that is filed after a notice of appeal; and (5) whether the State may ethically take differing positions on the same issue in contemporaneous lawsuits filed by the same individual.

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined.

Thomas F. Bloom, Nashville, Tennessee, for the appellant, William Andrew Dixon.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Kim R. Helper, Assistant Attorney General; and Pamela S. Lorch, Assistant Attorney General, for the appellees, Donal Campbell, Commissioner for the Department of Corrections, and Flora Holland, Warden.

## OPINION

## BACKGROUND / PROCEDURAL HISTORY

In 1981, Dixon was convicted of one count of kidnapping for ransom and one count of commission of a felony by use of a firearm.[2]  He was sentenced under Tenn. Code Ann. § 39-2603 (1975) to life without possibility of parole for kidnapping for ransom.[3]  Dixon appealed the sentence, alleging that the jury had the discretion to determine whether the sentence for kidnapping for ransom was to be served without the possibility of parole.  The Court of Criminal Appeals affirmed the conviction and sentence on direct appeal.  State v. Dixon, No. 11930 (Tenn. Crim. App. at Nashville, filed April 18, 1982).

In September of 1988, Dixon was advised by his prison unit manager and counselor that he was eligible for parole and sentence reduction credits pursuant to Tenn. Code Ann. § 41-21-236.[4]  Dixon signed a waiver that allowed him to earn sentence reduction credits and other benefits

---

[2]Both convictions stem from the abduction of Jodie Gaines in 1978.  Dixon originally pled guilty to both counts in exchange for consecutive sentences of thirty-five years for the kidnapping for ransom and five years for the commission of a felony by use of a firearm.  Dixon's guilty pleas were vacated during post-conviction relief proceedings, and he was then tried by a jury.

[3]Dixon received a sentence of five years for the commission of a felony by use of a firearm.  This sentence, however, is not at issue in the present appeal.

[4]The Tennessee Department of Correction (TDOC) originally calculated Dixon's sentence without parole. When the TDOC later computerized inmate records, Dixon's sentence was inadvertently classified as life with possibility of parole.  Section 41-21-236(c)(3) of the Tennessee Code Annotated provides that "[a]ny person who committed a felony . . . prior to December 11, 1985, may become eligible for the sentence reduction credits . . . by signing a written waiver waiving the right to serve the sentence under the law in effect at the time the crime was committed." (1985).  Because of the computer error, Dixon was permitted to receive sentence reduction credits.

retroactive to March 1, 1986. By 1998, Dixon had accumulated over 2,100 days of sentence reduction credits. Dixon was scheduled for his first parole board hearing on April 30, 1998. Pursuant to statute, the board of probation and parole contacted the sentencing trial judge regarding Dixon's upcoming parole hearing. The trial judge notified Warden Flora Holland that Dixon's sentence was life without possibility of parole. The TDOC cancelled the scheduled parole hearing, revoked his parole eligibility, and corrected the sentence.

In December of 1998, Dixon filed a petition in chancery court for declaratory judgment seeking restoration of his sentence reduction credits and his parole eligibility date. The petition alleged that (1) the amendment of Tenn. Code Ann. § 39-2603 by the Class X Felonies Act of 1979 entitles Dixon to the lesser punishment of a life sentence with possibility of parole, (2) the language of Tenn. Code Ann. § 41-21-236(c)(3) and the signing of the waiver entitle Dixon to sentence credit waiver, (3) the TDOC is estopped from denying the benefits Dixon earned after signing the waiver, and (4) the TDOC lacks the authority to alter Dixon's sentence after classifying it as life with possibility of parole. The trial court granted the State's motion to dismiss on all issues. The Court of Appeals affirmed. Dixon v. Campbell, No. M1999-02122-COA-R3-CV, 2000 Tenn. App. LEXIS 521 (Tenn. Ct. App. Aug. 9, 2000).

In August of 1999, during the pendency of the chancery court proceedings, Dixon filed a petition for writ of habeas corpus in criminal court. The petition alleged that Dixon's sentence for kidnapping for ransom without possibility of parole under Tenn. Code Ann. § 39-2603 (1975) is void. The criminal court denied the petition for writ of habeas corpus, finding that the judgment was not void on its face. The Court of Criminal Appeals affirmed on different grounds. Dixon v. Holland, No. M1999-02494-CCA-R3-PC, 2000 Tenn. Crim. App. LEXIS 901 (Tenn. Crim. App. Nov. 17, 2000).

We granted review of both cases and consolidated the appeals.

## ANALYSIS

### I. LEGALITY OF SENTENCE

The grounds upon which habeas corpus relief will be granted are narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001) (citing State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000)). The petition must establish that a judgment is void. Id. To establish that the judgment is void, the petitioner must prove that a jurisdictional defect appears in the record of the original trial. Id. Thus, "the writ will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that [the] court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." Id. A sentence "imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). When the petition for writ of habeas corpus does not demonstrate that the judgment is void, a trial court may properly dismiss the petition without a hearing. Id.; Tenn. Code Ann. § 29-21-109 (2001).

We must determine, therefore, if the judgment from Dixon's trial is void. The record and judgment, entered in 1981, indicate that Dixon was tried and sentenced under Tenn. Code Ann. § 39-2603 (1975) for kidnapping for ransom.[5] Section 39-2603 provided that

> [a]ny person who, . . . kidnaps . . . any individual by any means whatsoever with intent to hold . . . such individual for ransom . . . shall be punished by imprisonment . . . for life or for a term of years not less than twenty (20) without possibility of parole, at the discretion of the jury trying the same.

(1975) (amended 1979) (emphasis added).

In 1979, after commission of the crime but before Dixon's conviction, § 39-2603 was amended as a part of the Class X Felonies Act of 1979. The amended statute established the broader offense of aggravated kidnapping which included the offense of kidnapping for ransom. See Tenn. Code Ann. § 39-2603 (Supp. 1979). Aggravated kidnapping was classified as a Class X felony that carried a sentence of twenty years to life with possibility of parole.[6] Id.

Dixon alleges that he should have been sentenced pursuant to Tenn. Code Ann. § 39-2603 (Supp. 1979). Dixon relies primarily upon the criminal law savings statute, Tenn. Code Ann. § 39-114 (1975) [replaced by Tenn. Code Ann. § 39-1-105 (1982)]. Section 39-114, which was in effect at the time of the offense in 1978 and at the time of Dixon's trial in 1981, provided:

> Whenever any penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, any offense, as defined by such statute or act being repealed or amended, committed while such statute or act was in full force and effect shall be prosecuted under such act or statute in effect at the time of the commission of the offense. In the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

---

[5]The record clearly establishes that the sentence was without possibility of parole, despite the absence of such language in the "Verdict and Judgment."

[6]Under Tenn. Code Ann. § 40-3640, a person convicted of a Class X felony and sentenced to a release date "greater than thirty (30) years from the commencement of the service of the sentence" was parole eligible after thirty years of service. (Supp. 1980). Further, "a person serving a Class X felony sentence [was] ineligible for work release . . . or any other program" that reduced the term of imprisonment. Tenn. Code Ann. § 40-3640 (Supp. 1980).

-4-

(1975) (emphasis added). The Court of Criminal Appeals rejected this argument. The intermediate court held that the savings statute was superseded by Tenn. Code Ann. § 39-5404, which provided:

> All persons who have committed crimes on or after September 1, 1979, <u>shall be tried and sentenced</u> under the provisions of [the Class X Felonies Act of 1979]. All persons whose crimes occurred prior to September 1, 1979, but whose trials occur on or after September 1, 1979, <u>shall be tried</u> under the law as it was prior to September 1, 1979, and as to those defendants, <u>the prior law shall remain in full force and effect</u>.

(1979) (repealed 1989) (emphasis added).

When construing statutes, we are required to ascertain and effectuate the legislative intent and purpose of the statutes. <u>State v. Walls</u>, 62 S.W.3d 119 (Tenn. 2001). We should "assume that the legislature used each word in the statute purposely and that the use of [each] word[] conveyed some intent." <u>State v. Levandowski</u>, 955 S.W.2d 603, 604 (Tenn. 1997). Further, courts must presume that the legislature is aware of prior enactments and of the state of the law when passing legislation. <u>Id</u>. Legislative intent must be derived from the plain and ordinary meaning of the statutory language if the statute is devoid of ambiguity. <u>Mooney v. Sneed</u>, 30 S.W.3d 304, 306 (Tenn. 2000). When the language is ambiguous, the entire statutory scheme must be examined to determine legislative intent and purpose. <u>Freeman v. Marco Transp. Co.</u>, 27 S.W.3d 909, 911 (Tenn. 2000). Moreover, an ambiguity in a criminal statute is construed in favor of the defendant. <u>Levandowski</u>, 955 S.W.2d at 604. Issues of statutory construction are questions of law reviewed de novo without a presumption of correctness. <u>Walls</u>, 62 S.W.3d at 119.

Applying these principles of statutory construction, we conclude that Dixon's sentence under Tenn. Code Ann. § 39-2603 (1975) is void. We presume that the legislature was aware of the savings statute, Tenn. Code Ann. § 39-114 (1975), when it enacted the Class X Felonies Act. The amendment of the kidnapping for ransom statute to a Class X felony under Tenn. Code Ann. § 39-2603 (Supp. 1979) imposed a lesser penalty. The savings statute provided that when a statute was amended persons would be prosecuted under the statute in effect at the time the act was committed. <u>See</u> Tenn. Code Ann. § 39-114 (1975). Persons were to be sentenced, however, pursuant to the subsequent act when the penalty was lesser. <u>See id.</u> Thus, Dixon should have been sentenced pursuant to the statute with the lesser penalty, Tenn. Code Ann. § 39-2603 (Supp. 1979) (aggravated kidnapping).

Furthermore, a plain reading of Tenn. Code Ann. § 39-5404 (1979) reveals that the legislature recognized the operation of the savings statute when it enacted section 39-5404. The first part of section 39-5404 provided that "[a]ll persons who have committed crimes on or after September 1, 1979, <u>shall be tried and sentenced</u> under the provisions of Act 1979, ch. 318." (Emphasis added). The second part of the statute, however, stated that "persons whose crimes

occurred prior to September 1, 1979, but whose trials occur on or after September 1, 1979, <u>shall be tried</u> under the law as it was prior to September 1, 1979, and as to those defendants, the prior law shall remain in full force and effect." Tenn. Code Ann. § 39-5404 (1979) (emphasis added). The Court of Criminal Appeals construed the second portion of the statute to mean that offenses committed prior to September 1, 1979, should be "tried <u>and sentenced</u>" under the prior law. This construction, however, renders part of the statute superfluous. We must assume that the legislature purposely used only the word "tried" when referring to offenses committed before September 1, 1979, as opposed to "tried and sentenced." To assume otherwise would make the phrase "and sentenced" in the first portion of the statute superfluous. The absence of the phrase "and sentenced" in the second part of the statute indicates that the legislature was aware of the provisions of the criminal savings statute. Dixon therefore should have been sentenced pursuant to the aggravated kidnapping statute to life with possibility of parole. Tenn. Code Ann. § 39-2603 (Supp. 1979). Accordingly, we hold that the sentence is void and grant habeas corpus relief.

## II. <u>APPLICABILITY OF TENN. CODE . ANN. § 41-21-236(c) (1997)</u><br><u>TO THE SENTENCE</u>

We must now determine whether Dixon is entitled to receive the sentence reduction credits he earned between 1986 and 1998. In 1985 the legislature enacted Tenn. Code Ann. § 41-21-236 which provided in part:

> Any person who committed a felony, including any Class X felony, prior to December 11, 1985, may become eligible for the sentence reduction credits authorized by this section <u>by signing a written waiver waiving the right to serve the sentence under the law in effect at the time the crime was committed.</u> However, sentence reduction credits authorized by this section may be awarded only for conduct and/or performance <u>from and after the date a person becomes eligible under this subsection.</u>

Tenn. Code Ann. § 41-21-236(c)(3) (1985) (repealed 1989) (emphasis added). In September of 1988, Dixon signed the written waiver required by the statute. Dixon therefore would have been eligible to receive the reductions in 1986 if he had been sentenced to a Class X felony. Because Dixon should have been sentenced according to the Class X Felonies Act of 1979 for aggravated kidnapping, he was eligible to receive credits pursuant to Tenn. Code Ann. § 41-21-236(c)(3). We therefore hold that any credits earned by Dixon between 1986 and 1998 be credited to his sentence pursuant to Tenn. Code Ann. § 39-2603 (Supp. 1979).

## CONCLUSION

We hold that Dixon's sentence pursuant to Tenn. Code Ann. § 39-2603 (1975) is void. Habeas corpus relief therefore is granted. We further hold that Dixon is entitled to any sentence reduction credits he earned pursuant to Tenn. Code Ann. § 41-21-236(c)(3) (1985) between 1986 and 1998. The judgment of the Court of Criminal Appeals is reversed, and the case is remanded for proceedings consistent with this opinion. Costs are assessed to the appellee, the State of Tennessee, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE