IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 20, 2002

## MICHAEL THOMASON v. KEVIN MYERS, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 12675     Jim T. Hamilton, Judge**

———————

**No. M2002-01346-CCA-R3-CO - Filed December 20, 2002**

———————

The Defendant, Michael Thomason, petitioned for a writ of habeas corpus, which the trial court summarily denied. The Defendant now appeals as of right. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Michael Thomason, Clifton, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Mike Bottoms, District Attorney General; and Renee W. Turner, Assistant District Attorney General, for the appellee, Kevin Meyers, Warden.

**OPINION**

The Defendant filed a pro se application for habeas corpus relief, alleging that he is being illegally restrained on a conviction of aggravated sexual battery. The Defendant contends that he is entitled to relief because he "was resentenced by the court of conviction without [his] presence," and because the judgment form reflecting his resentencing "is void because it was never signed by the Judge." In support of his petition, the Defendant filed a copy of a pleading filed by his attorney styled "Defendant's Objections to Corrected Judgment" and a copy of a judgment form styled "Corrected Judgment."

The "Corrected Judgment" reflects that the Defendant was found guilty by a jury of aggravated sexual battery committed in February 1996. The "Corrected Judgment" provides that the Defendant was sentenced as a Range I standard offender to ten years in the Tennessee Department of Correction. The "Special Conditions" portion of the judgment form sets forth the following:

To be sent to the Special Needs Facility for immediate treatment and therapy. <u>CORRECTED</u>: to reflect TCA code 39-13-504. Release eligibility is determined pursuant to application of TCA 40-35-501, to reflect Violent 100%.[1]

This document contains the typed entry "Julian P. Guinn" above the line for the judge's name. It does not contain, however, the judge's signature. In the space for the signature of the Defendant or his attorney, the following typed words appear: "Defendant's attorney has refused to sign this judgment. See attached objections hereto." The pleading styled "Defendant's Objections to Corrected Judgment" states as follows:

> Defendant filed a written response to the petition heretofore filed by the District Attorney General's office requesting a hearing be held. On May 13, 1999, a conference call was held among defendant's counsel, District Attorney General Clayburn Peeples and the Honorable Julian P. Guinn (the trial judge) at which time the Court held in favor of the State and ordered that a corrected judgment be filed. The defendant has added his objections on the judgment with this attachment, and all such actions by the trial court were made in the absence of the defendant.

In response to the Defendant's pleadings seeking habeas corpus relief, the State filed a motion to dismiss "for lack of subject-matter jurisdiction." The State asserted in its motion that habeas corpus relief was not available because the Defendant's "conviction is not void, and his sentence has not expired." The State offered no comment on the Defendant's allegation that the judgment of conviction was unsigned by the judge. The court below granted the State's motion without a hearing.

We first note that a writ of habeas corpus "'will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that [the] court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired.'" <u>McLaney v. Bell</u>, 59 S.W.3d 90, 93 (Tenn. 2001) (quoting <u>Stephenson v. Carlton</u>, 28 S.W.3d 910, 911 (Tenn. 2000)). "When the petition for writ of habeas corpus does not demonstrate that the judgment is void, a trial court may properly dismiss the petition without a hearing." <u>Dixon v. Holland</u>, 70 S.W.3d 33, 36 (Tenn. 2002). "To establish that the judgment is void, the petitioner must prove that a <u>jurisdictional</u> <u>defect</u> appears in the record of the original trial." <u>Id.</u> (emphasis added).

The only allegation raised by the Defendant which is apparent upon the face of the record before us is his claim that the trial judge did not sign the judgment pursuant to which he is imprisoned. We emphasize that the pleadings filed by the Defendant do <u>not</u> include a certified copy of the "Corrected Judgment" which is at issue. Nevertheless, we deem it appropriate to consider

---

[1] A person committing aggravated sexual battery after July 1, 1995, has no release eligibility and must serve one hundred percent of his or her sentence, less sentence credits earned and retained. <u>See</u> Tenn. Code Ann. § 40-35-501(i). Apparently, the "Corrected Judgment" was entered only for the purpose of referencing this statutory mandate.

whether an alleged "Corrected Judgment" bearing the trial judge's name, but not his or her signature, is void so as to entitle the Defendant to a hearing on his claim for habeas corpus relief.

This Court has on several occasions considered essentially the same issue argued by the Defendant, and we have concluded that the absence of a judge's signature on a judgment does not render the judgment void. See, e.g., Jack P. Carr v. David Mills, Warden, No. E2000-00156-CCA-R3-PC, 2000 Tenn. Crim. App. LEXIS 779, at *6-7, (Knoxville, Oct. 13, 2000); Willie James Robinson, Jr. v. State, No. E1999-00945-CCA-R3-PC, 2000 Tenn. Crim. App. LEXIS 662, at *5 (Knoxville Aug. 30, 2000); Jerry L. Johns v. State, No. E1999-00260-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 208 (Knoxville, March 9, 2000); Paul A. Mayes v. State, No. E1999-01374-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 149 (Knoxville, Feb. 24, 2000).

Based upon our review of the record and our consideration of the above precedent, we conclude that the Defendant has failed to demonstrate that he is entitled to habeas corpus relief on the basis that the trial judge allegedly failed to sign the "Corrected Judgement." Such failure does not establish a jurisdictional defect rendering the Defendant's conviction void. [2]

Accordingly, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

---

[2]We note that the trial court had the authority to consider the Defendant's application for writ of habeas corpus as a petition for post-conviction relief. See Tenn. Code Ann. § 40-30-205(c). The Defendant's claim that he was resentenced without being present states a colorable claim for post-conviction relief. See State v. Carruthers, 35 S.W.3d 516, 567 (Tenn. 2000) (recognizing a criminal defendant's constitutional rights to be present at his or her sentencing). We note further, however, that the date of entry reflected on the "Corrected Judgment" is March 29, 1999. The Defendant did not file his application for habeas corpus relief until December 11, 2001, well outside the one year limitations period applicable to post-conviction petitions. See Tenn. Code Ann. § 40-30-202(a). Accordingly, unless the Defendant were able to establish grounds for tolling the post-conviction statute of limitations, his pleading would be time-barred as grounds for post-conviction relief.