IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 24, 2003

## JAMES RUSSELL GANN v. DAVID MILLS, WARDEN

**Direct Appeal from the Criminal Court for Morgan County**
**No. 8596     E. Eugene Eblen, Judge**

---

**No. E2003-00281-CCA-R3-PC**
**July 24, 2003**

---

The Defendant, James Russell Gann, petitioned for habeas corpus relief on the grounds that his judgment of conviction is not signed by the trial judge. The trial court denied relief and this direct appeal followed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Walter B. Johnson, Harriman, Tennessee, for the appellant, James Russell Gann.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; J. Scott McCluen, District Attorney General; and Frank Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant, James Russell Gann, was convicted by a jury in 1985 of aggravated rape and aggravated sexual battery. For these crimes, the Defendant was sentenced to ninety-nine years plus one day, and twelve years. The document reflecting the Defendant's convictions and sentences sets forth the judge's name but does not contain the judge's signature. The document is signed by the Deputy Clerk on behalf of the Clerk of the Criminal Court of Hamilton County.

The Defendant filed a petition for writ of habeas corpus on June 23, 1999, alleging that the judgment document is void on its face because it does not contain the judge's signature. The trial court summarily denied the Defendant's claim for relief on the basis that this Court has previously held that the trial judge's failure to sign the judgment form does not give rise to a claim for relief under habeas corpus proceedings. The trial court was correct.

As has been stated many times, a writ of habeas corpus "will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." McLaney v. Bell, 59 S.W.3d 90, 93 (Tenn. 2001) (quotation omitted). "When the petition for writ of habeas corpus does not demonstrate that the judgment is void, a trial court may properly dismiss the petition without a hearing." Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002). "To establish that the judgment is void, the petitioner must prove that a jurisdictional defect appears in the record of the original trial." Id. (emphasis added).

As we most recently stated in Michael Thomason v. Kevin Myers, No. M2002-01346-CCA-R3-CO, 2002 WL 31852868, at *2 (Tenn. Crim. App., Nashville, Dec. 20, 2002), a trial judge's failure to sign a judgment "does not establish a jurisdictional defect rendering the Defendant's conviction void." This decision is in accord with prior opinions of this Court. See Jack P. Carr v. David Mills, No. E2000-00156-CCA-R3-PC, 2000 WL 1520267, at *2 (Tenn. Crim. App., Knoxville, Oct. 13, 2000); Willie James Robinson, Jr. v. State, No. E1999-00945-CCA-R3-PC, 2000 WL 1228023, at *2 (Tenn. Crim. App., Knoxville, Aug. 30, 2000); Jerry L. Johns v. State, No. E1999-00260-CCA-R3-CD, 2000 WL 262901, at *2 (Tenn. Crim. App., Knoxville, Mar. 9, 2000); Paul A. Mayes v. State, No. E1999-01374-CCA-R3-CD, 2000 WL 215675, at *2 (Tenn. Crim. App., Knoxville, Feb. 24, 2000).

The Defendant contends that "these cases are incorrect" and asks that we therefore reverse our position on this matter. However, our supreme court has denied permission to appeal on all of the above-referenced cases. Accordingly, we deem it appropriate to deny the Defendant's request.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE