IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


## JESSIE HODGES, PRO SE v. STATE OF TENNESSEE

Appeal from the  Circuit Court for Lauderdale County
No. 5729      Joe H. Walker, III, Judge


No. W2003-01006-CCA-R3-CO  - Filed December 31, 2003


This matter is before the Court upon the State's motion to affirm the judgment of the trial court by order pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner is appealing the trial court's denial of habeas corpus relief.  The Petitioner fails to assert a ground of relief entitling him to habeas corpus relief.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, joined.

Jessie Nelson Hodges, pro se.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General, for the appellee, State of  Tennessee.


**MEMORANDUM OPINION**


On December 1, 2000, Petitioner was convicted of one count of robbery, a class C felony. For this conviction, Petitioner was sentenced to twelve years in the Department of Correction.  On April 3, 2003, Petitioner filed, *pro se*, a petition for writ of habeas corpus relief, alleging that the indictment is void because of the absence of essential parts of the indictment. Specifically, Petitioner asserts that the indictment fails to include the signature of the clerk of the trial court and that the indictment "fails to run in the name of the State of Tennessee." The trial court denied habeas corpus

1

relief, finding that the Petitioner's sentence had not expired and that the convicting court had jurisdiction to sentence the defendant. On appeal, the Defendant also complains that the trial court's failure to require the State to respond is error.

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tenn. Code Ann. §§ 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired. Passerella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Although the Petitioner asserts that the clerk failed to sign the indictment, there is no statutory requirement for the clerk to do so. With regard to Petitioner's assertion that the indictment failed to "run in the name of the State," the indictment was properly captioned pursuant to section 40-13-201, Tennessee Code Annotated. It is signed by both the district attorney general and the grand jury foreperson. *See* Tenn. Code Ann. §§ 40-13-103; 40-13-105. The indictment includes a list of the witnesses before the grand jury. *See* Tenn. Code Ann. § 40-13-107. The indictment sufficiently provided Petitioner with notice of the charged offenses. *See* Tenn. Code Ann. §§ 40-13-202; 40-13-203; 40-13-207. Finally, the indictment was returned with an endorsement a "true bill." *See* Tenn. Code Ann. § 40-13-109. Thus, we find no merit in this issue.

Next, Petitioner alleges that the trial court committed reversible error in denying the petition without receiving a response from the State. When the petition for writ of habeas corpus does not demonstrate that the judgment is void, a trial court may properly dismiss the petition without a hearing. Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002); Tenn. Code Ann. § 29-21-109. If the trial court summarily dismisses the petition, an answer from the State is not required.

Upon our review of the record in this case, we conclude that the trial court properly determined that the Petitioner's claims are not cognizable in a habeas corpus proceeding. There is nothing in the record to indicate that the trial court was without jurisdiction to enter judgment against the Petitioner as the indictment is sufficient and proper; nor is there anything to indicate that the Petitioner's sentences have expired.

Accordingly, it is ORDERED that the State's motion is GRANTED. The judgment of the trial court is AFFIRMED in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE