IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs February 1, 2005

## GARY WALLACE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13378      Jim T. Hamilton, Judge**

———————————

**No. M2004-01534-CCA-R3-HC - Filed March 17, 2005**

———————————

The petitioner appeals the trial court's dismissal of his *pro se* petition for writ of habeas corpus, in which he contended that his sentence violated the Double Jeopardy Clause of the Fifth Amendment because he was classified as both a Range II, persistent offender and a Class X offender. We conclude that the petitioner was properly sentenced based upon both the classification of the offense (Class X) and the offender classification (Range II, persistent). As such, we affirm the trial court's dismissal of the habeas petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Gary Wallace, Clifton, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; and Richard H. Dunavant, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

The petitioner, Gary Wallace, was found guilty by a jury of armed robbery in April of 1985. Subsequently, the trial court sentenced him as a Range II, persistent offender to life imprisonment. On March 2, 2004, the petitioner filed a *pro se* "petition for state writ of habeas corpus," in which he contended that the sentence he received violated the Double Jeopardy Clause of the Fifth Amendment because he was classified as both a Range II, persistent offender and a Class X offender. Therefore, the petitioner averred that the sentence issued was void. In response, the State filed a motion to dismiss, which was ultimately granted by the trial court on April 12, 2004. On April 14,

2004, the petitioner filed an "answer in opposition to respondent's motion to dismiss." Thereafter, the petitioner filed a notice of appeal to this Court.[1]

Analysis

A habeas corpus petition may be used only to contest void judgments that are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant, or (2) the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). By contrast, a voidable conviction or sentence is one that is facially valid and thus requires proof beyond the face of the record or judgment to establish its invalidity. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The burden of proving that the judgment or sentence is void, rather than voidable, rests with the petitioner. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). "To establish that the judgment is void, the petitioner must prove that a jurisdiction defect appears *in the record* of the original trial." Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002) (emphasis added).

The State initially contends that the petitioner did not comply with the mandatory statutory requirements applicable to habeas corpus petitions. See Tenn. Code Ann. § 29-21-107 (2004). Specifically, the State avers that the petitioner failed to: 1) verify the original petition by affidavit; 2) state that the legality of the restraint has not already been adjudged upon a prior proceeding of the same character; and 3) state that the present application is the first for the writ or, if it is not the first application, to attach a copy of previous petitions and their proceedings.

It is well-settled that the procedural provisions of the habeas corpus statutes are mandatory and must be scrupulously followed. Archer v. State, 851 S.W.2d at 165. Upon reviewing the original petition, we agree that the petitioner failed to complete the three procedural requirements aforementioned. Moreover, while it appears that the petitioner attempted to correct these omissions in his answer filed on April 14, 2004, this motion was filed two days after the trial court's dismissal of the petition. As such, we conclude that the attempted corrective action was taken too late.

Because the petitioner failed to comply with the aforementioned statutory requirements, we could affirm the trial court's dismissal of the instant petition on that basis alone. See Sweatt v. State, No. M1999-01300-CCA-R3-PC, 2000 Tenn. Crim. App. LEXIS 216 (Tenn. Crim. App., at Nashville, Mar. 6, 2000) perm. to appeal denied (Tenn. 2000); Wilson v. State, No. 03C01-9806-CR-00206, 1999 Tenn. Crim. App. LEXIS 620 (Tenn. Crim. App., at Knoxville, June 24, 1999) perm. to appeal denied (Tenn. 1999). Notwithstanding the petitioner's failure to comply with the applicable statutory requirements, we will proceed to the merits of the petitioner's argument.

The petitioner contends that the sentence he received was void because it was issued in violation of the Double Jeopardy clause of the Fifth Amendment. Specifically he avers that, because

---

[1] The record reflects that the petitioner's notice of appeal was not timely filed, as it was filed more than thirty days after the motion to dismiss. However, pursuant to Tennessee Rule of Appellate Procedure 4(a), we elect to waive this non-jurisdictional requirement "in the interest of justice."

he was classified and sentenced as both a Range II, persistent offender and a Class X offender, he was subject to multiple punishments for the same offense.

In addressing this argument, we first note that the petitioner was classified as a Range II offender based upon his criminal history. Moreover, the petitioner does not contest the propriety of this classification. Class X, on the other hand, was a classification that related to the offense rather than the offender and was properly considered in conjunction with the offender's range in arriving at the appropriate sentence.[2] On appeal, the petitioner alleges that his sentence was illegal because the classifications subjected him to two punishments. However, we conclude that this argument is without merit, as the petitioner was properly sentenced within the appropriate range based upon the classifications of both the offense and the offender.

### Conclusion

The trial court's dismissal of the petition for writ of habeas corpus is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE

---

[2] The Class X designation was repealed with the enactment of the 1989 sentencing code, which came into effect on November 1, 1989. See Acts 1989, ch. 591, § 6.