# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## GEORGE H. ROSS, III v. GLEN TURNER (WARDEN) AND STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9752    Joe H. Walker, III, Judge**

---

**No. W2005-01832-CCA-R3-HC  - Filed May 8, 2006**

---

The Petitioner, George H. Ross, III, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Petitioner has failed to allege any ground that would render the judgments of conviction void.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

George H. Ross, III, pro se.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

On January 31, 2003, the Petitioner, George H. Ross, III, entered guilty pleas to one count of facilitation of aggravated arson, a class B felony; one count of assault, a class A misdemeanor; one count of driving while declared a habitual motor vehicle offender, a class E felony; and one count of escape, a class E felony.  For these offenses, the Petitioner received an effective twenty year

1

sentence in the Department of Correction. The Petitioner is currently confined at the Hardeman County Correctional Facility.

On September 10, 2004, the Petitioner filed an application for writ of habeas corpus relief. As grounds for relief, the Petitioner alleged that the trial court lacked jurisdiction to enter the judgments against him because the trial court failed to advise the Petitioner of the nature of the offense of facilitation of aggravated arson and that his guilty pleas were unintelligently and involuntarily entered. Petitioner also claimed that the sentences imposed by the trial court were unconstitutional because they were not imposed by a jury and were rendered illegal pursuant to the new rule of law announced in the United States Supreme Court decision of *Blakely v. Washington.* By order entered May 3, 2005, the lower court denied habeas corpus relief, finding that the Petitioner's sentences had not expired and that the criminal court had jurisdiction to sentence the Petitioner to the sentences he received. The trial court further found that it was without jurisdiction to treat the petition as one for post-conviction relief. On August 2, 2005, the Petitioner filed a notice of appeal document in the Hardeman County Circuit Court.[1]

The right to seek habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution. *Hickman v. State*,153 S.W.3d 16, 19 (Tenn. 2004). However, the grounds upon which habeas corpus relief will be granted are narrow. *Id.* at 20 (citations omitted). Relief will only be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Id.* (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968).

The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing are required and the trial court may properly dismiss the petition. *Hickman,* 153 S.W.3d at 20 (citing T.C.A. § 29-21-109 (2000); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)); *Passarella*, 891 S.W.2d at 619.

---

[1]The August 2, 2005, filing date of the notice of appeal document would presumably render the notice of appeal document late. However, a review of the record reveals that the certificate of service attached to the notice of appeal document was signed on May 18, 2005, and was delivered to delivered to the correctional facility's mailroom on May 18, 2005. *See* Tenn. R. Crim. P. 49(c). Accordingly, the notice of appeal was timely filed.

The State has filed a motion requesting affirmance of the lower court's dismissal pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. The State argues that the Petitioner fails to state a cognizable claim for habeas corpus relief.

In the present case, the trial court found that the petition failed to allege any ground demonstrating that the judgment was void. We agree. First, the Petitioner's assertion that his guilty plea was unknowing and involuntary and that the trial court failed to properly advise the Petitioner regarding the nature of the offenses are not cognizable in a habeas corpus action because even if true the judgments would be rendered voidable, not void. *See Bryan Pearson v. State,* No. E2003-02597-CCA-R3-CD, 2004 WL 1606982, at *2 (Tenn. Crim. App., at Knoxville, Jul. 16, 2004), *perm. to appeal denied,* (Tenn. Nov. 8, 2004). Additionally, the Petitioner's claim that his convictions or sentences are void as he was sentenced in violation of *Blakely v. Washington* fails as, even if such a violation had occurred, the violation would only render the judgment voidable, not void.[2] *See Earl David Crawford v. Ricky Bell,* No. M2004-02440-CCA-R3-HC, 2005 WL 354106, *1 (Tenn. Crim. App., at Nashville, Feb. 15, 2005). Thus, the Petitioner's claims are not cognizable in a habeas corpus proceeding. Where the allegations in a petition for writ of habeas corpus relief do not demonstrate that the judgment is void, the trial court may properly dismiss the petition without a hearing. *McLaney,* 59 S.W.3d at 93.

Upon consideration of the record, the pleadings and the applicable law, this Court concludes that the Petitioner has failed to establish that he is entitled to habeas corpus relief. He has neither established that his effective sentence has expired nor has he established that the trial court was without jurisdiction or authority to enter the sentences imposed. The trial court properly determined that the Petitioner had failed to establish his entitlement to habeas corpus relief. When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

---

[2] Regarding Petitioner's *Blakely* claim, we acknowledge that, while a claim alleging a constitutional violation may be raised in a petition for post-conviction relief, *see* T.C.A. § 40-30-103, the Petitioner is statutorily time-barred from seeking such relief in the instant case. *See* T.C.A. § 40-30-102(a). Although certain circumstances, including a final ruling of an appellate court establishing a new constitutional right, permit the tolling of the statute of limitations, *see, e.g.,* T.C.A. § 40-30-102(b)(1), the United States Supreme Court's holding in *Blakley v. Washington* fails to afford the Petitioner a ground for post-conviction relief as the *Blakley* decision is not to be given retroactive application. *See State v. Gomez,* 163 S.W.3d 632 (Tenn.), *reh'g denied,* (2005); *Earl David Crawford v. State,* No. M2004-02440-CCA-R3-HC, 2005 WL 354106, *1; *see also Isaac Herron v. State,* No. W2004-02533-CCA-R28-PC (Tenn. Crim. App., at Jackson, Nov. 22, 2004) (*order*).

3

_____

J.C. MCLIN, JUDGE