# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ERNEST LEE HILL v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 88-05450-58; P-27581    Paula Skahan, Judge**

———————

**No. W2005-02971-CCA-R3-HC  - Filed October 11, 2006**

———————

The Petitioner, Ernest Lee Hill, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Petitioner has failed to allege any ground that would render the judgments of conviction void.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Juni Samrat Ganguli, Memphis, Tennessee, for the appellant.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

On April 7, 1989, the Petitioner Ernest Lee Hill entered a guilty plea to robbery with a deadly weapon and was sentenced to seventy-five years confinement as a range II offender.  On May 22, 1989, the Petitioner entered guilty pleas in cases 88-5450 through 88-5458  to eight counts of robbery with a deadly weapon and one count of murder in the perpetration of a robbery.  The trial court sentenced the Petitioner as an aggravated range II offender to life imprisonment on each count. The trial court further ordered that the sentences be served concurrent with one another.

1

On August 8, 2003, the Petitioner filed an application for writ of habeas corpus relief seeking relief from the judgments of conviction against him and alleging that the judgments of conviction are void. In support of his application, the Petitioner contends that the Class X sentences are in direct contravention of the statutory mandates in effect at the time of sentencing. The Petitioner additionally alleges that his conviction for murder in the perpetration of robbery was not a criminal offense under the applicable law. By order entered September 16, 2003, the lower court denied habeas corpus relief, finding that the Petitioner had failed to provide any documents supporting the petition as required by section 29-21-107(b)(2), Tennessee Code Annotated. Notwithstanding, the State, by pleading filed February 27, 2004, conceded that the original petition submitted by Petitioner did comply with section 29-21-107(b)(2), Tennessee Code Annotated. On June 2, 2004, the lower court granted the Petitioner's motion for relief from the September 16, 2003, order. After re-considering the Petitioner's application for habeas corpus relief, the lower court, by order entered December 7, 2005, entered an order denying habeas corpus relief. In denying relief, the lower court made the following findings of fact and conclusions of law:

> Petitioner contends that his convictions and sentences are void under Class X designation. . . .Petitioner argues that the Trial Court lacked jurisdiction to sentence him for Class X felonies on May 22, 1989. Petitioner does admit in paragraph 1 of his amended petition that prevailing authority suggests that the Class X designation was only repealed with the enactment of the 1989 Sentencing Code which came into effect November 1, 1989.
>
> . . .
>
> . . . Only a portion of the Class X Felonies Act was deleted by the 1985 act: T.C.A. 40-28-301 relating to release and parole provisions, but it was replaced with T.c.A. 40-34-501. The 1987 supplement cites T.C.A. 40-35-112 and states "all persons who commit crimes on or after July 1, 1982, shall be tried and sentenced under this chapter." The changes in 1985 did not remove the Class X designation nor did they removed the authority to sentence the defendant according to the Class X designation.
>
> . . . T.C.A. 40-35-117 specifically states that the sentencing act of 1989 applies only to crimes committed after November 1, 1989 or to persons sentenced on or after November 1, 1989. . . . Therefore, the defendant was properly sentenced according to the provisions in effect at the time of his offense and at the time of his sentencing.
>
> . . . .

The Petitioner timely filed a notice of appeal document. On appeal before this Court, the Petitioner asserts that the repeal of the Class X felony designation renders his sentences void.

The State has filed a motion requesting affirmance by this Court pursuant to Rule 20, Rules of the Court of Criminal Appeals. In support of its motion, the State asserts that the Petitioner is not entitled to relief as the plain language of the statute precludes its application to the Petitioner.

Contemporaneous with the filing of the State's motion requesting affirmance is the State's motion to accept the late-filed motion. Under Rule 2, Tennessee Rules of Appellate Procedure, it is within the discretion of this Court to suspend the Rules of Appellate Procedure for good cause, including the interest of expediting decision upon any matter. *See also* Tenn. R. App. P. 21(b). Having reviewed the State's motion and having found that suspension of the Rules in this matter is appropriate, we grant the State's motion to late file its motion for affirmance by memorandum opinion.

The right to seek habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution. *Hickman v. State*,153 S.W.3d 16, 19 (Tenn. 2004). However, the grounds upon which habeas corpus relief will be granted are narrow. *Id.* at 20 (citations omitted). Relief will only be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Id.* (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968).

The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing are required and the trial court may properly dismiss the petition. *Hickman,* 153 S.W.3d at 20 (citing T.C.A. § 29-21-109 (2000); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)); *Passarella*, 891 S.W.2d at 619.

The Petitioner asserts that his convictions are void as the trial court sentenced him under repealed legislation. Essentially, he contends that the Class X felony sentencing law was no longer in effect at the time of his crimes and convictions and, therefore, his class X felony sentences are illegal and void. The Tennessee Reform Act of 1982 stated that it governed the sentence, release eligibility, and manner of service of Class X felonies committed on or after July 1, 1982. T.C.A. § 40-35-112(b)(1)-(2) (1982) (*repealed* 1989). The Comprehensive Correction Improvement Act of 1985 applied the provisions of the Tennessee Reform Act of 1982 regarding the release eligibility date, manner of service and of release and parole to defendants who committed Class X felonies before July 1, 1982. *See* Comprehensive Correction Improvement Act of 1985, ch. 5, §§ 7-8, 1985 Tenn. Pub. Acts 22, 23. Additionally, the Act extended eligibility for sentence reduction credits to Class X felons. *Id.*, ch. 5, § 12(c)(2)-(3), 1985 Tenn. Pub. Acts 22, 25. Neither one of these acts repealed the Class X classification. *See Eddie DePriest v. State*, No. W2003-02561-CCA-R3-HC, 2004 WL 1872897, at * 2 (Tenn. Crim. App., at Jackson, Aug. 20, 2004), *perm. to appeal denied,* (Tenn. Dec. 20, 2004). Rather, the legislation merely required sentencing for Class X felonies to be

under the 1982 Act. *Id.* (citation omitted). The Class X designation of offenses was not repealed until the enactment of the 1989 sentencing code, which became effective on November 1, 1989. *See* Acts 1989, ch. 591, § 1. As the Petitioner was convicted and sentenced on March 6, 1989, nearly eight months prior to the effective date of the 1989 Sentencing Act, the trial court correctly sentenced the Petitioner under the 1982 law. The Petitioner's claim as to the Class X classification does not entitle him to habeas corpus relief.

Upon consideration of the record, the pleadings and the applicable law, this Court concludes that the Petitioner has failed to establish that he is entitled to habeas corpus relief. He has neither established that his effective life sentence has expired nor has he established that the trial court was without jurisdiction or authority to enter the sentences imposed. The lower court properly determined that the Petitioner had failed to establish his entitlement to habeas corpus relief. When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

JOHN EVERETT WILLIAMS, JUDGE

4