IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## ANDRE L. MAYFIELD v. HOWARD CARLTON, WARDEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 93-B-687, IF5635, 89-W-222, 88-F-1762    Seth Norman, Judge**

_____

**No. M2006-00885-CCA-R3-HC - Filed November 13, 2006**

_____

Petitioner, Andre L. Mayfield, appeals the trial court's denial of his petition for writ of habeas corpus. The State has filed a motion pursuant to Rule 20, Rules of the Court of Criminal Appeals of Tennessee, for this Court to affirm the judgment of the trial court by memorandum opinion. We grant the motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court for Davidson County Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Andre L. Mayfield, Mountain City, Tennessee, *pro se*, for the appellant.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On June 1, 1989, Petitioner pled guilty and was convicted of receiving stolen property over $200.00, simple robbery, and burglary. He received concurrent five year sentences for his convictions of receiving stolen property and robbery and a consecutive three year sentence for his burglary conviction, for a total effective eight year sentence. On July 1, 1999, following a jury trial, Petitioner was convicted of two counts of aggravated kidnapping, one count of aggravated robbery, one count of aggravated rape, and one count of rape. Petitioner received a total effective sentence of fifty years for these convictions. Petitioner is currently incarcerated and serving his sentence for his 1999 convictions.

This is Petitioner's fourth petition for habeas corpus relief. *See Andre Mayfield v. Howard Carlton, Warden,* No. E2004-01561-CCA-R3-HC, 2005 WL 394587, at *1 (Tenn. Crim. App., at Knoxville, Feb. 18, 2005) (no Tenn. R. App. P. 11 application filed) (involving the dismissal of a

habeas corpus petition by this court with noted reference to three other petitions for habeas corpus relief filed by Petitioner).  In the petition currently on appeal, the primary basis for Petitioner's arguments is that under Tennessee Code Annotated section 40-20-111(b) and Rule 32(c)(3)(C), concurrent sentencing in his 1989 convictions was not permitted by statute because Petitioner was on bond for the robbery charge when he committed the offenses of burglary and receiving stolen property.  Consequently, he argues that the convictions are void.  He asserts that because the trial court improperly relied on these convictions when sentencing him for his 1999 convictions, the 1999 convictions are likewise void, and violate his constitutional rights against excessive punishment.

"Any person *imprisoned or restrained of liberty*, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (emphasis added).  However, the grounds upon which habeas corpus relief will be granted are narrow.  *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002).  Habeas corpus relief is proper only if the petition establishes that the challenged judgment is void, as opposed to merely voidable.  *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).  A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired."  *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).  Furthermore, a sentence "imposed in direct contravention of a statute . . . is void and illegal."  *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000).  "When the habeas corpus petition fails to demonstrate that the judgment is void, a trial court may properly dismiss the petition without a hearing."  *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted).

We first note that because Petitioner is incarcerated in the Northeast Correctional Complex in Mountain City, Johnson County is the proper venue for adjudication of Petitioner's habeas corpus claim rather than Davidson county where Petitioner was convicted and where he filed the habeas corpus petition which is the subject of this appeal.  *See* T.C.A. § 29-21-105.  Nevertheless, we address Petitioner's claim.  As previously stated, Petitioner argues that his 1989 convictions are void and that the 1999 sentences under which he is currently incarcerated were improperly enhanced by his 1989 convictions, thus entitling him to habeas corpus relief.  Our supreme court has held that:

> [A] person is not 'restrained of liberty' for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement.  Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired.

*Hickman*, 153 S.W.3d 16, 23.

As noted by the habeas court, Petitioner has advanced this same argument in a previous petition for writ of habeas corpus relief raised in the Johnson County Circuit Court.  *See Mayfield v. Carlton*, 2005 WL 39487, at *2.  As also noted by the habeas court, "[b]oth the Johnson County

Circuit Court and the Tennessee Court of Criminal Appeals determined that the petitioner here had already served his sentence [for his 1989 convictions] and was therefore not entitled to habeas corpus relief." In denying Petitioner relief in the present case, the habeas court quoted this Court's earlier opinion in which we stated that Petitioner was not entitled to habeas corpus relief because:

> The defendant was sentenced to an effective term of eight years for his 1989 convictions. Those sentences have long since expired. The Defendant is no longer imprisoned or restrained of his liberty as a result of his 1989 convictions, and he is therefore not entitled to seek habeas corpus relief thereupon.

*Mayfield v. Carlton*, 2005 WL 39487, at *2.

Therefore, in accordance with the supreme court's decision in *Hickman,* our prior decisions, and that of both habeas courts, we conclude that Petitioner is not entitled to habeas corpus relief because the sentence he complains of has expired. Furthermore, having already challenged the legality of his restraint and having had that challenge adjudicated in a prior proceeding of the same character, Petitioner is not entitled to a second adjudication of the same habeas corpus claim. T.C.A. § 29-21-107(b); *Hickman*, 153 S.W.3d at 20 -21.

The judgment was rendered in this matter in a proceeding before the trial court without a jury, and the judgment was not a determination of guilt, and the evidence does not preponderate against the finding of the trial court. Upon review of this matter, this Court concludes that no error of law requiring a reversal of the judgment of the trial court is apparent on the record.

### CONCLUSION

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE