# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs May 15, 2012

## CURTIS L. WREN v. DAVID OSBORNE, WARDEN

**Direct Appeal from the Criminal Court for Morgan County**
**No. 2011-CR-98      E. Eugene Eblen, Judge**

---

**No. E2012-00072-CCA-R3-HC - Filed August 8, 2012**

---

Petitioner, Curtis L. Wren, filed a petition for habeas corpus relief in the Morgan County Criminal Court, seeking relief from several convictions in the Shelby County Criminal Court. The habeas corpus court dismissed the petition without an evidentiary hearing. Petitioner has timely appealed that ruling. We affirm the habeas corpus court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Curtis L. Wren, Warburg, Tennessee, *Pro Se.*

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and Russell Johnson, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Petitioner pled guilty to: (1) aggravated robbery and received a sentence of 15 years as a Range II offender; (2) attempted especially aggravated kidnapping and received a sentence of 15 years as a Range II offender; (3) an additional count of aggravated robbery and received a sentence of 15 years as a Range II offender; and (4) Class D felony evading arrest by motor vehicle and received a sentence of two years as a Range I offender. The two sentences for aggravated robbery and the sentence for evading arrest were ordered to be

served concurrently with each other but consecutively to the sentence for attempted especially aggravated kidnapping, for an effective sentence of 30 years.

In his petition for habeas corpus relief Petitioner specified four grounds for relief as follows:

(1) Illegal judgment, sentence, and conviction;
(2) Involuntary plea;
(3) Ineffective assistance of counsel; and
(4) Violation of Tennessee Code Annotated section 33-7-301

As to the first ground, Petitioner asserts that the judgments of conviction are void on their face and on the record of the proceedings because the record reflects he was mentally incompetent to stand trial. He also makes factual allegations about deficiencies of his counsel's representation. These allegations are not the type which would render the judgments *void*, rather than merely voidable. Likewise, allegations that his guilty pleas were involuntary and that his counsel provided ineffective assistance of counsel, even if true, would render the judgments voidable, and not void. Petitioner alleges the trial court violated Tennessee Code Annotated section 33-7-301 by not finding him incompetent to stand trial and therefore sending him for inpatient treatment. Again, even if true, this would not render the judgments of conviction void.

"The grounds upon which habeas corpus relief will be granted are narrow." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)). Habeas corpus relief may be granted "only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (citing *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). "Stated differently, a petitioner must demonstrate that the judgment is 'void' and not merely 'voidable.'" *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008). "A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its validity," while a void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)).

"If, from the showing of the petition, the plaintiff would not be entitled to any relief, the writ may be refused, the reasons for such refusal being briefly endorsed upon the petition, or appended thereto." Tenn. Code Ann. § 29-21-109.

In an appeal from the dismissal of a habeas corpus petition, the standard of review is de novo with no presumption of correctness given to the conclusions of the trial court. *State v. Davis*, 313 S.W.3d 751, 755 (Tenn. 2010) (citing *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005)). "Because this is a habeas corpus proceeding, [the Court is] limited to considering the face of the judgment and the record of the proceedings upon which the judgment was rendered." *May*, 245 S.W.3d at 343.

Petitioner failed to allege any ground, if taken as true, that would render any of the judgments void rather than merely voidable. Petitioner is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the trial court was in a proceeding without a jury, it was not a determination of guilt, the evidence does not preponderate against the finding of the trial court, and no error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the trial court is affirmed by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

_____
THOMAS T. WOODALL, JUDGE