IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**DARWIN THEUS v. DAVID MILLS, WARDEN**

**Direct Appeal from the Circuit Court for Lauderdale County
No. 5989    Joe H. Walker, III, Judge**

_____

**No. W2005-02204-CCA-R3-HC  - Filed March 23, 2006**

_____

The Petitioner, Darwin Theus,  appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Petitioner has failed to allege any ground that would render the judgments of conviction void.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Darwin Theus, pro se.

Paul G. Summers, Attorney General & Reporter; Sophia S. Lee, Assistant Attorney General, for the appellee, the State of Tennessee.

**MEMORANDUM OPINION**

On March 6, 1989, the Petitioner, Darwin Theus, entered guilty pleas to one count of assault with intent to commit first degree murder, two counts of robbery with a deadly weapon and four counts of aggravated rape.  For these convictions, the trial court sentenced the Petitioner, as a range I offender, to fifty years confinement for the conviction of assault with intent to commit murder, to thirty-five years confinement for each of the two convictions of robbery with a deadly weapon and

to forty years confinement for each of the four convictions of aggravated rape. The trial court further ordered that the sentences be served concurrently resulting in an effective sentence of fifty years.

On August 3, 2005, the Petitioner filed an application for writ of habeas corpus relief "seek[ing] relief from the imposition of an illegal sentence of conviction" and asserting that "he is being held in restraint of his liberty pursuant to a judgment of sentence, which is constitutionally void." In support of his application, the Petitioner argued that the sentences imposed by the trial court were rendered illegal pursuant to the new rule of law announced in the United States Supreme Court decision of *Blakely v. Washington.* Irregardless of voidness based upon the *Blakely* decision, the Petitioner also asserted that the sentences imposed were void as the "sentences [were] imposed in direct contravention to the statutory guidelines. . . ." Finally, the Petitioner maintained that his conviction for the offense of assault with intent to commit murder was void in that the offense had been abolished by the state legislature at the time his conviction and sentence were entered. By order entered August 11, 2005, the lower court denied habeas corpus relief, finding that the Petitioner's sentences had not expired and that the criminal court had jurisdiction to sentence the Petitioner to the sentences he received. Petitioner timely filed a notice of appeal document.[1] On appeal before this Court, the Petitioner asserts that the sentences imposed by the trial court were in direct contravention of the statutory guidelines.[2]

The right to seek habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution. *Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). However, the grounds upon which

---

[1] The notice of appeal document was stamp-filed on September 16, 2005, by the trial court clerk. The certificate of service signed by the Petitioner reflects a date of August 23, 2005, for delivery of the notice of appeal document. On appeal, the State does not contest the timeliness of the notice of appeal document. Rather, the State concedes the timeliness of the notice of appeal document with citation to Rule 20(g), Tennessee Rules of Appellate Procedure. This Rule provides, in part, that papers filed by a pro se litigant incarcerated in a correctional facility are deemed filed at the time of delivery to the appropriate individual at the correctional facility. Additionally, we note that the timely filing of a notice of appeal document in criminal matters are not jurisdictional and may be waived by this Court in the interest of justice. *See* Tenn. R. App. P. 4(a).

[2] The Petitioner has abandoned his claim based upon *Blakely v. Washington* and his claim that he was convicted of an offense that had been abolished by the legislature. Notwithstanding, we note that such claims would not have entitled Petitioner to habeas corpus relief. First, any claim that his sentences were enhanced in violation of his right to a jury trial, *i.e., Blakely* violation, would render the judgment voidable and not void. *See, e.g., Wayford Demonbruen, Jr. v. State,* No. M2004-03037-CCA-R3-HC, 2005 WL 1541873 (Tenn. Crim. App., at Nashville, June 30, 2005); *Stanley Harvell v. Glen Turner,* No. W2004-02643-CCA-R3-HC, 2005 WL 839891 (Tenn. Crim. App., at Jackson, Apr. 12, 2005); *Earl David Crawford v. Ricky Bell,* No. M2004-02440-CCA-R3-HC, 2005 WL 354106 (Tenn. Crim. App., at Nashville, Feb. 15, 2005). Likewise, the Petitioner's claim that he was convicted of a crime that was no longer an offense is without merit. The Petitioner was convicted of assault with intent to murder, T.C.A. § 39-2-103 (*repealed* 1989), on March 6, 1989. The offense was committed on April 2, 1988. The 1989 revision to the Tennessee Criminal Code abolishing the offense did not take effect until November 1, 1989. 1989 Tenn. Pub. Acts 591.

habeas corpus relief will be granted are narrow. *Id.* at 20 (citations omitted). Relief will only be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Id.* (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968).

The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing are required and the trial court may properly dismiss the petition. *Hickman,* 153 S.W.3d at 20 (citing T.C.A. § 29-21-109 (2000); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)); *Passarella*, 891 S.W.2d at 619.

The State asserts, in part, that the petition for habeas corpus relief should be dismissed as the Petitioner failed to comply with the procedural requirements for filing an application for habeas corpus relief. Alternatively, the State argues that the Petitioner fails to state a cognizable claim for habeas corpus relief. The trial court chose to resolve the petition on the merits, without concern for procedural deficiencies or for the opportunity to correct such deficiencies. *See Hickman v. State*, 153 S.W.3d 15, 21 (Tenn. 2004). In such instances, an appellate court should not then rely on such deficiencies to defeat an appeal thereof, but should review the reasons relied upon by the lower court. *See Tyrone D. Conley v. Howard Carlton, Warden*, No. E2005-00049-CCA-R3-HC, 2005 WL 2862967, at *4 (Tenn. Crim. App., at Knoxville, Nov. 2, 2005) (Tipton, J., concurring). We proceed accordingly.

The Petitioner asserts that the sentences imposed by the trial court are illegal in that the sentences imposed constitute a term of confinement higher than the statutory minimum sentence. The Petitioner's argument is based upon the 1989 Sentencing Reform Act. The Petitioner was convicted and sentenced on March 6, 1989, prior to the November 1, 1989, effective date of the 1989 Sentencing Reform Act. Accordingly, the 1982 Sentencing Act, and not the 1989 Sentencing Act relied upon by the Petitioner, applies. The 1982 Sentencing Act provided a sentencing range between five (5) years and life imprisonment for the offense of assault with intent to commit murder, *see* T.C.A. 39-2-103(b)(*repealed* 1989); a sentence of "death by electrocution, or the jury may commute the punishment to imprisonment for life or for any period of time not less than ten (10) years" for the offense of robbery with a deadly weapon, *see* T.C.A. § 39-2-501(a) (*repealed* 1989); and a sentence of "imprisonment in the penitentiary for life or a period of not less than twenty (20)

3

years" for the offense of aggravated rape, *see* T.C.A. § 39-2-603(b) (*repealed* 1989). The Petitioner's sentences fell within the statutory sentencing limits for these convictions.

The 1982 Sentencing Act provided that a standard range I offender would be sentenced to a term of imprisonment "not less than the minimum sentence established by law, and not more than the minimum sentence plus one-half (½) of the difference between the maximum sentence and the minimum sentence." T.C.A. § 40-35-109(a) (*repealed* 1989). A life sentence was presumed to be sixty (60) years. T.C.A. § 40-35-109(d)(1) (*repealed* 1989). Accordingly, the Petitioner's sentences for aggravated rape and robbery with a deadly weapon fell within the statutory sentencing limits for a range I standard offender. Although the fifty (50) year sentence exceeded the maximum thirty-two and one-half year sentence for a range I standard offender, *see* T.C.A. § 39-2-103(b); T.C.A. § 40-35-109(a), the Tennessee Supreme Court has held that offender classifications and release eligibility "are non-jurisdictional and legitimate bargaining tools in plea negotiations" under both the 1989 and 1982 Sentencing Acts. *See Bland v. Dukes*, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000); *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997)); *State v. Mahler*, 735 S.W.2d 226, 228 (Tenn. 1987). Thus, "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hicks*, 945 S.W.2d at 709. The Petitioner could properly agree to be sentenced outside his sentencing range provided that the sentence imposed fell within the statutory limit applicable to the conviction offense.

Upon consideration of the record, the pleadings and the applicable law, this Court concludes that the Petitioner has failed to establish that he is entitled to habeas corpus relief. He has neither established that his effective fifty (50) year sentence has expired nor has he established that the trial court was without jurisdiction or authority to enter the sentences imposed. The trial court properly determined that the Petitioner had failed to establish his entitlement to habeas corpus relief. When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE