IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 1, 2006

## LEO H. ODOM v. TONY PARKER, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 05-CR-8747     R. Lee Moore, Jr., Judge**

———————

**No. W2006-00217-CCA-R3-HC  - Filed November 13, 2006**

———————

The Appellant, Leo H. Odom, appeals the Lake County Circuit Court's summary dismissal of his petition for writ of habeas corpus. Odom was indicted for first degree murder and subsequently pled guilty in the Davidson County Criminal Court to second degree murder, receiving an agreed sentence of thirty years with service of 100% as a violent offender. He is currently an inmate at Northwest Correctional Complex at Tiptonville. On appeal, Odom argues that his 1997 murder conviction and resulting thirty-year sentence are void because his sentence is "erroneous as being contrary to the express provisions of the 1989 Sentencing Reform Act." After review, we affirm the judgment of the Lake County Circuit Court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

Leo H. Odom, *Pro Se*, Tiptonville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; and Victor S. Johnson III, District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

In 1996, the Appellant was indicted for premeditated first degree murder. The judgment of conviction form reflects that on July 1, 1997, the Appellant pled guilty to second degree murder and received a sentence of thirty years as a violent offender. This sentence was ordered to be served consecutively to a separate effective three-year sentence imposed in January 1997. On October 5, 2005, the Appellant filed a *pro se* Petition for Writ of Habeas Corpus in the Lake County Circuit Court asserting that the judgment of the Davidson County Criminal Court was void because "[it]

violated express provisions of T.C.A. 40-35-101 thru 40-35-504 and . . . is erroneous as being contrary to the express provisions of the 1989 Sentencing Reform Act . . . ."

The trial court summarily dismissed the Appellant's habeas corpus petition upon the grounds that: (1) the Appellant failed to provide a "copy of any legal process by which [he] is restrained"; and (2) the challenge to the Appellant's thirty-year sentence presents, at best, a voidable as opposed to a void sentence and, as such, is not cognizable in a habeas corpus proceeding.

**Analysis**

The right to seek habeas corpus relief is guaranteed by Article I, section 15 of the Tennessee Constitution. *Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). However, the grounds upon which habeas corpus relief will be granted are narrow. *Id*. at 20 (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id*. A judgment is void "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant . . . ." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief." *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The petitioner in a habeas corpus proceeding has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. If the petitioner carries this burden, he is entitled to immediate release. *Id*. However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing is required, and the trial court may properly dismiss the petition. *Hickman*, 153 S.W.3d at 20 (citing T.C.A. § 29-21-109 (2000); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)). The determination of whether habeas corpus relief should be granted is a question of law which this court reviews *de novo*. *Hart v. State*, 21 S.W.3d 902, 903 (Tenn. 2000).

On appeal, the Appellant presents the following argument:

The [Appellant's] sentence of thirty (30) years and judgment of said sentence is VOID do [sic] to the trial judge not having the authority to sentence the [Appellant] above the proscribed punishment by the Tennessee Sentencing Reform Act of 1989 40-35-101 thru 40-35-504. The trial judge found the petitioner to be a range two offender for a class A felony of 2nd degree murder.

In support of his argument, the Appellant asserts that at the time of his indictment for first degree murder, he had no prior felony convictions as an adult; thus, he argues his classification as a

Range II offender, which requires a minimum of two prior felony convictions, was error.[1] *See* T.C.A. § 40-35-106 (2003). Indeed, the Appellant contends that because he was a juvenile when the murder was committed and he had no prior felony convictions, he was entitled to be sentenced as an especially mitigated offender. *See* T.C.A. § 40-35-109 (2003). The Appellant does not contest the requirement that he serve 100% of his sentence as a violent offender.[2]

In ordering dismissal of the petition, the trial court entered the following findings:

[It] appears . . . that the thirty (30) year sentence contested by [Appellant] was a compromise judgment on a plea to a charge of second degree murder reduced from a first degree murder indictment. The trial court could have the authority and jurisdiction to sentence petitioner to thirty (30) years on an agreed plea. At best this sentence would only be voidable, but not void. Nor has the sentence expired. For the reasons stated this petition is denied.

At the time the Appellant was indicted, the law provided that premeditated murder "shall be punishable by . . . (2) [i]mprisonment for life without possibility of parole; or (3) [i]mprisonment for life." T.C.A. § 39-13-202(c)(2)-(3) (Supp. 1996). It is apparent from the record that the Appellant was successful in negotiating a plea agreement which eliminated his possible exposure to a life sentence and allowed him to receive a sentence of thirty years for a Class A felony. The Appellant and the State may negotiate offender classifications, and even release eligibility, because they "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." *Bland v. Dukes*, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2002) (habeas corpus relief denied where guilty plea provided for "hybrid sentence" in which the length of one of petitioner's sentences was in Range II, but his release eligibility date was in Range I); *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997) (post-conviction relief denied; our supreme court held that sentence was valid where Petitioner's plea bargain provided for "hybrid sentence" involving Range II length of incarceration and Range I release eligibility percentage)); *see also State v. Mahler*, 735 S.W.2d 226, 228 (Tenn. 1987). As found by the trial court, because "offender classifications" are non-jurisdictional and subject to waiver within the context of a guilty plea, there is nothing which appears on the face of the judgment or the record of the proceedings before us which indicates that the Appellant's thirty-year sentence is illegal or void. *See William L. Smith v. Virginia Lewis, Warden, et al.*, No. E2004-01800-SC-R11-HC (Tenn., Sept. 14, 2006). Finding no merit to the Appellant's claim that his thirty-year sentence is void or illegal, we conclude that it is unnecessary to address his argument that the trial court erred in finding that the Appellant failed to comply with the procedural requirements of the habeas corpus statutes.

_____

[1] Although the Appellant asserts that he was sentenced as a Range II offender, this assertion is incorrect as the judgment form clearly reflects that the Appellant was sentenced as a violent offender for release eligibility purposes.

[2] The record before us indicates that the Appellant's crime of second degree murder occurred on October 23, 1995. With regard to sentencing as a violent offender, our law provides: "There shall be no release eligibility for a person committing [second degree murder], on or after July 1, 1995. . . ." T.C.A. § 40-35-501(i)(1) (Supp. 1996).

## CONCLUSION

After due consideration of the pleadings, the record, and the applicable law, the judgment of the Lake County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE