IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 30, 2007

## CHRISTOPHER KEYLN DEARING v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 5037     Lynn W. Brown, Judge**

---

**No. E2007-01191-CCA-R3-HC - Filed February 1, 2008**

---

The Appellant, Christopher Keyln Dearing, proceeding *pro se*, appeals the Johnson County Criminal Court's summary dismissal of his petition for the writ of habeas corpus. Dearing is currently an inmate at Northeast Correctional Complex in Johnson County as a result of his convictions for Class D felony theft and Class E evading arrest. Dearing's petition alleges that, under the terms of his plea agreement, he pled guilty to Class D theft in exchange for a sentence of two years; however, the judgment form and Department of Correction records show that the actual length of the sentence he is serving is two years and one day. Dearing argues that, because the State has breached the plea agreement, his sentence of two years and one day is void. After review, we agree with the trial court that Dearing's petition fails to state a cognizable claim for habeas corpus relief. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES, J., concurred in results only, and D. KELLY THOMAS, JR., J., filed a dissenting opinion.

Christopher Keyln Dearing, *Pro se*, Mountain City, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural History

On November 9, 2005, the Appellant entered guilty pleas in the Hamblen County Criminal Court to the crimes of theft of property valued between $1,000 and $10,000, a Class D felony, and evading arrest with flight, a Class E felony. The judgments of conviction reflect that the Appellant received concurrent sentences of two years and one day for the theft conviction and one year for the evading arrest conviction.

On February 14, 2007, the Appellant filed a *pro se* petition for the writ of habeas corpus, which alleged that his sentence of two years and one day for the theft of property conviction was illegal because it was induced by the State's agreement that his sentence would be two years. As such, he argues that his guilty plea was not knowingly and voluntarily entered. The Appellant also filed a motion to proceed *in forma pauperis* on the same day. According to the Appellant, the agreed-upon two-year sentence is reflected on both the negotiated guilty plea form and the guilty plea document. We would note, however, that neither document is included in the record before us Moreover, the transcript of the guilty plea hearing, which would definitively determine the agreed-upon sentence, is neither included. The judgment of conviction for felony theft, which is included in the record, clearly reflects that the Appellant received a sentence of two years and one day for the conviction.

On May 4, 2007, the trial court entered an order granting the State's motion to summarily dismiss the petition, stating that nothing in the petition supported a finding that the conviction was void or that the sentence had expired. Moreover, the trial court further held that the pauper's oath and affirmation in support of the Appellant's motion to proceed *in forma pauperis* was insufficient to make a finding of indigency. On May 25, 2007, the Appellant filed a timely notice of appeal.

**Analysis**

The right to seek habeas corpus relief is guaranteed by Article I, section 15 of the Tennessee Constitution. *Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). However, the grounds upon which habeas corpus relief will be granted are narrow. *Id*. at 20 (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id*. A judgment is void "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant . . . ." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief." *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The petitioner in a habeas corpus proceeding has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. If the petitioner carries this burden, he is entitled to immediate release. *Id*. However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing is required, and the trial court may properly dismiss the petition. *Hickman*, 153 S.W.3d at 20 (citing T.C.A. § 29-21-109 (2003); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)). The determination of whether habeas corpus relief should be granted is a question of law which this court reviews *de novo*. *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

The Appellant, on appeal, argues that his sentence is void and, thus, illegal because his guilty plea was not knowingly and voluntarily entered, as it was induced by an unfulfilled promise to

receive a specific sentence of two years. While the Appellant is correct that a guilty plea induced by misrepresentation is improper, a claim that a guilty plea was not voluntarily entered, even if proven, merely renders a judgment voidable, not void. *Archer*, 851 S.W.2d at 164; *see also Joseph T. Faulkner v. State*, No. W1999-00223-CCA-R3-PC (Tenn. Crim. App. at Jackson, Oct. 17, 2000) ("[w]here a promise embodied in a plea agreement cannot be legally performed by the parties, the voluntariness of the plea will be affected since the plea bargain agreement is the direct inducement for the guilty plea."). Thus, habeas corpus relief is not appropriate in this case, as post-conviction relief is the procedural avenue for attacking voidable judgments. *Hickman*, 153 S.W.3d at 20. As noted by our supreme court, "[v]oluntariness of the [guilty] plea . . . has no relevance in a habeas corpus proceeding." *Summers v. State*, 212 S.W.3d 251, 259 (Tenn. 2007).

Although not raised as error by the Appellant, we are constrained to note that a sentence of two years and one day may constitute, under certain circumstances, an illegal sentence. In this case, these circumstances are not apparent from the record before us. Tennessee Code Annotated section 40-35-211(1) (2006) provides, in relevant part, that:

> Specific sentences for a felony shall be for a term of *years or months or life*, if the defendant is sentenced to the department of correction; or a specific term of years, months, or days if the defendant is sentenced for a felony to any local jail or workhouse. . . .

(emphasis added). In this case, the Appellant was sentenced to incarceration in the Department of Correction for a term of two years and one day. This sentence is in contravention of the statute. *See James Gordon Coons, III v. State*, No. 01C01-9801-CR-00014 (Tenn. Crim. App. at Nashville, May 6, 1999) (finding sentence of six years and one day incarceration in the Department of Correction violated the plain meaning of Tennessee Code Annotated section 40-35-211(1)). Nonetheless, it has been held that in the context of plea bargaining, a defendant may agree to a sentence in contravention of statutory provisions, thus, waiving consideration of the issue based upon a knowing and voluntary guilty plea. *Id*. In the instant case, the Appellant has failed to include the relevant sentencing documents to support his position. Accordingly, in the absence of evidence to the contrary, we must presume that the Appellant's guilty plea represents a knowing and voluntary plea which resulted in the imposition of a two-year and one-day sentence as provided by the plea agreement. As such, we find no error in the trial court's summary dismissal of the petition.

In a second issue, the Appellant alleges as error the trial court's failure to rule on his motion to proceed *in forma pauperis*. The court's order dismissing the habeas corpus petition included the language, "[s]ince the pauper's oath and affirmation is not sufficient to make a finding of indigency, the court makes no finding regarding indigency." According to the Appellant, the court "falsified its reasons for not making a ruling upon the properly filed motion," as the oath and affirmation were properly completed and established his indigency. It is obvious from the trial court's order that, because "no finding regarding indigency" was made, the ruling was not a final judgment and, thus,

not appealable as of right under the provisions of Rule 3, Tennessee Rules of Appellate Procedure.[1] Nonetheless, no ruling was required by the trial court because the Appellant's petition clearly failed to state a cognizable claim. As noted by our supreme court, "the liberal procedural safeguards of the Post-Conviction Procedure Act [have not been incorporated] into the provisions governing habeas corpus." *Summers*, 212 S.W.3d at 261. As noted by the State, this includes the right to counsel in a habeas corpus proceeding. Accordingly, we find no error.

## CONCLUSION

Based upon the foregoing, the summary dismissal of the Appellant's petition for the writ of habeas corpus is affirmed.

_____
DAVID G. HAYES, JUDGE

---

[1]An appeal from the denial of a motion to proceed *in forma pauperis* is more properly addressed through the interlocutory provisions of Rule 9 or Rule 10 of the Tennessee Rules of Appellate Procedure.