IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 14, 2009

**DOCK WALKER v. TONY PARKER, WARDEN**

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6230     Joseph H. Walker, III, Judge**

_____

**No. W2008-01453-CCA-R3-HC  - Filed August 12, 2009**

_____

The petitioner, Dock Walker, proceeding *pro se*, appeals the Lauderdale County Circuit Court's summary dismissal of his petition for the writ of habeas corpus. The petitioner is currently an inmate in the West Tennessee State Prison as a result of his conviction for assault with the intent to commit murder, for which he was sentenced to a term of sixty years. On appeal, he argues that the habeas corpus court erred in dismissing the petition because his sixty-year sentence is illegal, as it was not authorized by statute and is in violation of *ex post facto* provisions. After review, we find no error and affirm the judgment of the court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which J.C. MCLIN, J., joined. ALAN E. GLENN, J., not participating.

Dock Walker, Henning, Tennessee, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

The case arose following a prison stabbing by the petitioner and two co-defendants. The relevant underlying facts of the case, as established on direct appeal, are as follows:

> [O]n the morning of June 4, 1981, [the petitioner] and [co-defendant] Partee, inmates of Brushy Mountain State Prison, entered the prison library and assaulted fellow inmate James Earl Ray. Partee held Ray by the arms while [the petitioner] inflicted approximately 22 stab wounds to Ray's head, neck and chest with a prison-made-knife. [Co-defendant] Ransom, already in the library, aided and abetted the other

defendants by warning prisoners in the library not to interfere. He also acted as a lookout for approaching guards.

*State v. Dock Walker, John Willie Partee, and Jerome Ransom*, 1984 Tenn. Crim. App. LEXIS 2853 (Tenn. Crim. App., at Knoxville, June 1, 1984). The petitioner, along with the two co-defendants, was indicted in Morgan County for felonious assault, assault with intent to commit first degree murder, and aggravated assault. *Id*. Following a change of venue to Knox County, a jury trial was held on March 18, 1983, and each was found guilty of assault with intent to commit first degree murder. *Id*. The petitioner, along with Partee, received a sentence of sixty years, while Ransom was sentenced to a term of twenty years. *Id*. The petitioner filed a direct appeal of his case and raised the sole issue of whether the State's use of its peremptory challenges violated his right to trial by an impartial jury. *Id*. A panel of this court affirmed the conviction. *Id*.

Almost ten years after the direct appeal was final, the petitioner filed a petition for post-conviction relief requesting review of his convictions in light of *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986). *Dock Walker v. State*, No. 03C01-9403-CR-00115 (Tenn. Crim. App., at Knoxville, Dec. 8, 1994). The post-conviction court denied relief upon grounds that the then three-year statute of limitations provided in Tennessee Code Annotated section 40-30-112 barred the petition. *Id*. A panel of this court affirmed the judgment of the post-conviction court. *Id*. In 2002, the petitioner filed a second petition for post-conviction. *Dock Walker v. State*, No. E2002-02162-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Apr. 28, 2003). The petition was again dismissed as time barred, and the dismissal was affirmed on direct appeal. *Id*.

On June 3, 2008, the petitioner filed the instant *pro se* petition for writ of habeas corpus, asserting that his sixty-year sentence was illegal as it exceeds the length allowed by statute and was in violation of the *ex post facto* provisions. The habeas corpus court summarily dismissed the petition. The petitioner now timely appeals that dismissal.

**Analysis**

On appeal, the petitioner asserts that his sentence of sixty years is illegal because it exceeds the term allowed pursuant to the statute and because it was imposed in violation of the *ex post facto* provisions of the United States and Tennessee Constitutions. First, he contends that the trial court lacked jurisdiction to sentence the petitioner to a term of sixty years because Tennessee Code Annotated section 39-604, the controlling statute at the time, provided for a term between three and twenty-one years.

The right to seek habeas corpus relief is guaranteed by Article I, section 15 of the Tennessee Constitution. *Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). However, the grounds upon which habeas corpus relief will be granted are narrow. *Id*. at 20 (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id*. A judgment is void "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant. .

. ." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief." *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The petitioner in a habeas corpus proceeding has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. If the petitioner carries this burden, he is entitled to immediate release. *Id*. However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing is required, and the trial court may properly dismiss the petition. *Hickman*, 153 S.W.3d at 20 (citing T.C.A. § 29-21-109 (2003); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)). The determination of whether habeas corpus relief should be granted is a question of law which this court reviews *de novo*. *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

In its order summarily dismissing the petition, the habeas corpus court stated:

[The petitioner] alleges that the statute called for a sentence of 5 to 25 years. However, the code shows that the Acts [of] 1979, which would have been effective in 1981, allows a sentence of life if bodily injury to the victim occurs as a result of such an assault. A sentence of 60 years, imposed by the jury, would be a legal sentence. It was within the province of the jury to determine that stabbing causes bodily injury.

It has long been established that, as a general rule, a criminal offender must be sentenced pursuant to the statute in effect at the time of the commission of the offense. *Dixon v. Holland*, 70 S.W.3d 33, 38 (Tenn. 2002). The petitioner's crime was committed on June 4, 1981, thus he was tried and sentenced under the Class X Felonies Act of 1979, which stated that "[a]ll persons who have committed crimes on or after September 1, 1979, shall be tried and sentenced under" this Act. *See* 1979 Tenn. Pub. Acts ch. 318, § 26; *see also* 1989 Tenn. Pub. Acts ch. 591, § 6 ("For all persons who committed crimes prior to July 1, 1982, prior law shall apply and remain in full force and effect in every respect, including, but not limited to, sentencing, parole, and probation."); *see also State v. Turner*, 919 S.W.2d 346, 361 (Tenn. Crim. App. 1995). The applicable assault with intent to commit murder statute at that time stated:

(a) Whoever shall feloniously and with malice aforethought assault any person, with intent to commit murder in the first degree, or shall administer or attempt to give any poison for that purpose, though death shall not ensue, shall, on conviction, be imprisoned in the state penitentiary for not less than five (5) nor more than twenty-five (25) years.

(b) If bodily injury to the victim occurs as a result of such an assault in violation of subsection (a), the punishment shall be a determinate sentence of confinement in the state penitentiary for life or for a period of not less than five (5) years.

(c)  In the case of bodily injury to the victim, the offense defined in subsection (b) of this section is a Class X felony.

T.C.A. § 39-604 (Supp. 1980) (repealed 1989).  The petitioner argues that he should have been sentenced pursuant to subsection (a), thus limiting his sentence to twenty-five years because the jury did not determine and specify on the judgment of conviction that the victim in this case suffered bodily injury.  The defendant acknowledges that the indictment returned against him charged that he did "unlawfully, feloniously, willfully, deliberately, maliciously, premeditatedly, and with malice aforethought commit an assault upon the body of James Earl Ray with a knife, *causing bodily injury*." (emphasis added).  However, he contends this is not relevant as it is "the province of the jury to determine if bodily injury was inflicted, not the grand jury."

The petitioner's argument is misplaced, as this court previously determined when the same issue was raised by the petitioner's co-defendant.  *See John Willie Partee v. State*, No. M2008-01773-CCA-R3-HC (Tenn. Crim. App., at Nashville, Nov. 20, 2008).  Subsection (b) is not a separate way to commit the crime but, rather, only provides for a different punishment if bodily injury results from the attack.  *Id*.  Thus, the petitioner's argument that his judgment of conviction does not reflect or specify a finding of "bodily injury" is without merit.  The indictment clearly asserts that bodily injury resulted.  We must assume, as the petitioner has failed to include a copy of the jury charge, that, as an element, it was charged to the jury and found by them based upon the twenty-two stabs wounds inflicted.  Because bodily injury resulted, the appropriate sentence range was five years to life imprisonment.  Thus, the petitioner has failed to establish an illegal sentence, and the habeas corpus court correctly dismissed the petition.

As a second argument, the petitioner asserts that the sentence violates the *ex post facto* provisions of both the United States and Tennessee Constitutions because, at the time of his sentencing, Tennessee Code Annotated section 39-604 had been repealed and replaced by Tennessee Code Annotated section 39-2-103.  In general, the *ex post facto* clauses bar the application of laws, rules, or policies that change the punishment and inflict greater punishment than the law annexed to the crime when it was committed.  *Johnson v. United States*, 529 U.S. 694, 699, 120 S. Ct. 1795, 1800 (2000).  However, we are unclear how these provisions were violated, as the petitioner was not sentenced pursuant to provisions enacted after he committed the offenses.  As such, there are no *ex post facto* concerns.  The petitioner was properly sentenced under the version of the sentencing act in effect at the time of the commission of the offenses.

**CONCLUSION**

Based upon the foregoing, the summary dismissal of the petition for writ of habeas corpus is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE