# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## DAVID A. ROMANO v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Fayette County**
**No. 5295     J. Weber McCraw, Judge**

**No. W2010-00271-CCA-R3-HC  - Filed December 8, 2010**

The petitioner, David A. Romano, appeals the Fayette County Circuit Court's summary dismissal of his petition for the writ of habeas corpus.  The petitioner pled guilty to one count of Class D felony forgery, two counts of Class E felony forgery, and one count of Class A misdemeanor theft of property.  He was subsequently sentenced to concurrent sentences of twelve years, two six-year sentences, and eleven months and twenty-nine days for the respective convictions.  He was further ordered to serve the sentences in confinement.  After a period, the trial court granted the petitioner's motion to serve the balance of the sentences on probation; however, his probation was later revoked and the petitioner remains incarcerated to date.  On appeal, the petitioner argues that the trial court was without authority or jurisdiction to allow him to serve his sentence on probation because his sentence was greater than ten years, which precluded his eligibility to receive a probationary sentence.  The State has filed a motion requesting that this court affirm the lower court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Because the petitioner has failed to establish that he is currently restrained pursuant to an illegal sentence, we grant the State's motion and affirm the judgment of the Fayette County Circuit Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

David Romano, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Benjamin A. Ball, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

In January 2003, the petitioner pled guilty to three counts of forgery and one count of theft of property. Pursuant to the agreement, he was sentenced, as a career offender, to concurrent sentences of twelve years, six years, six years, and eleven months and twenty-nine days, which were to be served in incarceration. In August 2003, the petitioner filed a petition to suspend his sentence to probation, which the trial court granted. The petitioner remained on probation until November 2003, when the trial court determined that he was in violation of probation and ordered him to serve one hundred-fifty days in jail prior to being released back to probation. Thereafter, a second violation warrant was issued in December 2004, and a revocation of probation order was entered in August of 2005. The petitioner has remained incarcerated since that time.

In December 2009, the petitioner filed the instant petition for writ of habeas corpus, asserting that he was serving an illegal sentence. Specifically, he asserted that his sentence was illegal because the trial court "was without legal authority and jurisdiction to modify/change his sentence from [twelve] years at [sixty percent] of incarceration, to that of probation as an alternative to incarceration," because his sentence was greater than ten years, which violated Tennessee Code Annotated section 40-35-303. Thereafter, the habeas corpus court entered an order summarily denying the petition because the petitioner had failed to establish that he was incarcerated pursuant to an illegal sentence. The petitioner has timely appealed.

The right to seek habeas corpus relief is guaranteed by Article I, section 15 of the Tennessee Constitution. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (citing *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000)); *Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). However, the grounds upon which habeas corpus relief will be granted are narrow. *Id*. Relief will only be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a [petitioner], or that a [petitioner's] sentence of imprisonment or other restraint has expired." *Id.* (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *Id*. at 255-56; *State ex rel. Newsom v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (Tenn. 1968).

The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment

is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing is required and the trial court may properly dismiss the petition. *Hickman,* 153 S.W.3d at 20 (citing T.C.A. § 29-21-109 (2000); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)); *Passarella*, 891 S.W.2d at 619). Because the determination of whether habeas corpus relief should be granted is a question of law, this court's review is *de novo* with no presumption of correctness. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

The petitioner contends that the habeas court erred in dismissing his petition because he claims that the circuit court was without legal authority and jurisdiction to modify his sentence of twelve years of incarceration to probation. According to the petitioner, because his sentence was greater than ten years, this modification was in direct contravention of Tennessee Code Annotated section 40-35-303, thereby rendering his sentence illegal and void. He further submits that the court "can correct his illegal sentence by awarding him the days he was on probation and the days he served while on probation, for a total of 962 days, which would mean he actually served those days on his sentence, instead of being on probation, which would render his sentence legal." The petitioner does not allege that the originally imposed sentence of twelve years of incarceration is illegal.

We do agree with the petitioner's contention that Tennessee Code Annotated section 40-35-303 states that "[a petitioner] shall be eligible for probation . . . if the sentence actually imposed upon the [petitioner] is ten (10) years or less." We further agree that the petitioner's twelve-year sentence for forgery precluded him being eligible to receive probation. However, the habeas corpus court's order of denial notes that "[t]he sentence of twelve years at [sixty percent] is the correct sentence for his conviction. While the gift of probation should not have been given to the petitioner, the order of probation does not render the sentence as void."

We agree with the habeas corpus that the petitioner has failed to show that he is currently restrained pursuant to an illegal sentence. The orders of probation granted in this case were revoked, and the petitioner was then ordered to serve the sentence in incarceration as originally imposed. Thus, he is currently "restrained of his liberty" by a twelve-year sentence of incarceration, a sentence he does not assert is illegal. Accordingly, he has failed to establish his entitlement to habeas corpus relief, and the petition was properly denied.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the lower court by memorandum opinion when the action is not a determination of guilt and the evidence does not preponderate against the findings of the trial court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the habeas corpus court is affirmed in accordance with Rule 20 of the Rules

of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE