# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MATTHEW JACKSON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lake County**
**No. 10-CR-9463      R. Lee Moore, Jr., Judge**

---

**No. W2010-01205-CCA-R3-HC  - Filed December 14, 2010**

---

The petitioner, Matthew Jackson, appeals the Lake County Circuit Court's summary dismissal of his *pro se* petition for the writ of habeas corpus. The petitioner pled guilty to two counts of aggravated rape, a Class A felony; aggravated kidnapping, a Class B felony; aggravated robbery, a Class B felony; and theft of property over $500, a Class E felony. He was subsequently sentenced to an effective sentence of twenty-five years in the Department of Correction. On appeal, the petitioner asserts that the habeas corpus court erred in summarily denying his petition, specifically contending that his sentence is void and illegal pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004). The State has filed a motion requesting that this court affirm the lower's court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Because the petitioner has failed to establish a cognizable claim for habeas corpus relief, we grant the State's motion and affirm the judgment of the Lake County Circuit Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Matthew Jackson, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, and J. Ross Dyer, Senior Counsel, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner, in two separate cases, entered guilty pleas to two counts of aggravated rape, aggravated kidnapping, aggravated robbery, and theft of property over $500. The plea

agreement proscribed that the sentences in both cases would be served concurrently to each other. Following a sentencing hearing, the trial court imposed sentences of twenty-five years for the rape, twelve years for the kidnapping, ten years for the robbery, and two years for the theft, resulting in an effective sentence of twenty-five years. The petitioner's sentence was subsequently affirmed on direct appeal. *State v. Matthew Jackson*, No. M2001-01999-CCA-R3-CD (Tenn. Crim. App., at Nashville, May 12, 2003). The petitioner then filed a petition for post-conviction relief challenging his sentence, which was also denied.

Next, the petitioner filed the instant petition for the writ of habeas corpus, challenging his twenty-five-year sentence. He contends that the sentence is illegal and void because the trial court enhanced his sentence in violation of his Sixth Amendment right to a jury trial, as interpreted by the United States Supreme Court in *Blakely v. Washington.* The habeas corpus court summarily denied the petition based upon the fact that the petitioner failed to comply with the requirements of Tennessee Code Annotated section 29-21-107, specifically, that he failed to include a copy of the plea agreement or other documents necessary for the court to determine the matter. On appeal, the petitioner contends that the denial was error because the trial court failed to consider the document attached to his petition asserting the reasons he was unable to provide the necessary documents, specifically, his indigence.

The right to seek habeas corpus relief is guaranteed by Article I, section 15 of the Tennessee Constitution. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (citing *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000)); *Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). However, the grounds upon which habeas corpus relief will be granted are narrow. *Id*. Relief will only be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a [petitioner], or that a [petitioner's] sentence of imprisonment or other restraint has expired." *Id.* (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *Id*. at 255-56; *State ex rel. Newsom v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (Tenn. 1968).

The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing is required and the trial court may properly dismiss the petition. *Hickman,* 153 S.W.3d at 20 (citing T.C.A. § 29-21-109 (2000); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)); *Passarella*, 891 S.W.2d at 619. Because the determination of whether habeas corpus

relief should be granted is a question of law, this court's review is *de novo* with no presumption of correctness. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

The procedural requirements set forth in the statute providing for habeas corpus relief are mandatory and must be scrupulously followed. *Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. As relevant here, section 29-21-107 requires that the petition state "[t]he cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence." T.C.A. § 29-21-107(b)(2) (2006). A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260.

As noted, the habeas corpus court dismissed the petition for failure to comply with the statutory requirements. However, we need not determine whether that decision was in error because, even accepting that the petitioner could establish the allegation made in the petition, the petition, on its face, fails to state a cognizable claim for habeas corpus relief. His claim of an erroneously enhanced sentence based upon the holdings of *Blakely* and its progeny, even if proven, would render the judgment voidable, not void and, as such, is not cognizable in a habeas corpus case. *See Timothy R. Bowles v. State*, No. M2006-01685-CCA-R3-HC (Tenn. Crim. App., at Nashville, May 1, 2007). Additionally, it has previously been held that *Blakely* does not apply retroactively to cases on collateral appeal. *Schriro v. Summerlin*, 542 U.S. 348 (2004); *Bowles*, No. M2006-01685-CCA-R3-HC. Based upon this established law, the petitioner has failed to show that his sentences are void. Thus, the petition was properly dismissed.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the lower court by memorandum opinion when the action is not a determination of guilt and the evidence does not preponderate against the findings of the trial court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the habeas corpus court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

 

_____

JOHN EVERETT WILLIAMS, JUDGE

-3-